STATE OF CONNECTICUT *v.* DRYDEN L.
BALLANTYNE, JR.
(6516)

DUPONT, C. J., SPALLONE and FOTI, Js.

Argued October 4—decision released December 27, 1988

*William F. Gallagher,* with whom, on the brief, were
*Daniel A. Lyons, Jr.,* and *Robert P. Borquez,* for the
appellant (defendant).

*Vincent J. Dooley,* deputy assistant state's attorney,
with whom, on the brief, was *Michael J. Sullivan,*
assistant state's attorney, for the appellee (state).

DUPONT, C. J. The defendant appeals from a judgment of conviction, rendered upon his conditional plea of nolo contendere, of operating a motor vehicle under the influence of intoxicating liquor in violation of General Statutes § 14-227a (a),[1] and of failing to maintain a reasonable distance between vehicles in violation of General Statutes § 14-240. The defendant claims that the trial court erred in denying his motion to suppress two toxicological reports which contained the results of two blood tests administered on the evening of his arrest.

Certain facts are pertinent. On November 7, 1986, at about 5:21 p.m., the defendant was operating his motor vehicle on Whitney Avenue in Hamden. Two vehicles, apparently preparing to make left turns, were stopped in front of the defendant's vehicle. The defendant struck the vehicle in front of his car, and this vehicle collided with the vehicle in front of it. The officers who appeared on the scene noticed an odor of alcohol on the defendant's breath and asked him to perform a series of field sobriety tests. These tests confirmed the officers' suspicions of intoxication, and the defendant was placed under arrest.

The defendant consented to the administration of two blood tests that were performed at a hospital in New Haven. The first test was administered at approximately 7:34 p.m., and showed the defendant's blood alcohol content to be above the allowable limit set forth in General Statutes § 14-227a (a) (2). The second test was administered at 8:08 p.m., and also showed the defend-

---

[1] General Statutes § 14-227a provides in pertinent part: "(a) OPERATION WHILE UNDER THE INFLUENCE. No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor . . . if he operates a motor vehicle . . . (2) while the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight."

ant's blood alcohol level to be above the allowable limit. The results of both tests were reported in toxicological laboratory reports issued by the department of health services. These reports unequivocally indicated that the blood samples given by the defendant were sealed. The name of the officer who sealed the samples, however, was illegible in the first report and not given in the second.

The defendant claims that the trial court erred in denying his motion to suppress the toxicological reports because (1) the reports did not meet the statutory conditions for admissibility under the provisions of General Statutes § 14-227a (c), and (2) the reports did not comply with the requirements of § 14-227a-9 (e) of the department of health services regulations.

I

Before turning to the merits of the defendant's claim, we must decide whether the defendant's claim is reviewable. The defendant entered a plea of nolo contendere, conditional on the right to appeal the court's adverse determination of his motion to suppress the toxicological reports. In this case, the grounds for the defendant's motion to suppress are " 'not included within the statutory language [of General Statutes § 54-94a] allowing appeals from . . . an illegal search or seizure in violation of the fourth amendment.' " *State* v. *Scott*, 16 Conn. App. 172, 173–74 n.1, 547 A.2d 77 (1988), quoting *State* v. *Chung*, 202 Conn. 39, 43, 519 A.2d 1175 (1987). Jurisdiction arises, however, under Practice Book § 4003 (b).[2]

---

[2] Practice Book § 4003, which became effective October 1, 1986, provides: "APPEALS OF RULINGS ON MOTIONS TO DISMISS OR SUPPRESS FOLLOWING JUDGMENTS ENTERED UPON CONDITIONAL PLEAS OF NOLO CONDENDERE

\* \* \*

"(b) With approval of the court, after a hearing to consider any objections thereto, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment,

Practice Book § 4003 (b) provides that the trial court must refuse to accept a conditional plea of nolo contendere "where the adverse determination of the specified motion would not have a significant impact on the disposition of the case" and "where the record available for review of the ruling upon the specified motion is inadequate for appellate review . . . ." In this case, the court accepted the plea without objection by the state. Implicit in the court's decision to accept the plea was the determination that the defendant's motion to suppress would have a significant impact on the outcome of the case. Nothing in the language of § 4003 (b) requires a formal statement by the court, on the record, that the adverse determination of the motion would have a significant impact on the case before it accepts a plea of conditional nolo contendere. Therefore, the defendant's claim is reviewable pursuant to Practice Book § 4003 (b).

## II

The defendant claims that the trial court erred in denying his motion to suppress the toxicological reports because the general statutory conditions precedent contained in General Statutes § 14-227a (c)[3] for the admis-

---

to review of the adverse determination of any motion made prior to the close of evidence, which motion must be specified in such written reservation. If the defendant prevails on appeal, the judgment shall be set aside and the defendant shall be allowed to withdraw the conditional plea of nolo contendere after the case has been remanded to the trial court. The court shall not accept a plea of guilty or nolo contendere pursuant to this subsection where the adverse determination of the specified motion would not have a significant impact on the disposition of the case in the trial court. The court shall also decline to accept such a nolo contendere or guilty plea where the record available for review of the ruling upon the specified motion is inadequate for appellate review of the court's determination thereof."

[3] General Statutes § 14-227a (c) provides: "ADMISSIBILITY OF CHEMICAL ANALYSIS. Except as provided in subsection (d) of this section, in any criminal prosecution for violation of subsection (a) or (b) of this section, evidence respecting the amount of alcohol or drug in the defendant's blood or urine at the time of the alleged offense, as shown by a chemical analysis of the

sibility of such reports were not met. The transcript of the proceedings on the motion to suppress indicates that the defendant's counsel was expressly asked by the court whether the basis for his motion to suppress was limited to the admissibility of the toxicological reports pursuant to § 14-227a-9 (e) of the department of health services regulations. The defendant's counsel agreed that this was the sole basis for the motion to suppress.[4] On appeal, however, the defendant claims

defendant's breath, blood or urine shall be admissible and competent provided: (1) The defendant was afforded a reasonable opportunity to telephone an attorney prior to the performance of the test and consented to the taking of the test upon which such analysis is made; (2) a true copy of the report of the test result was mailed to or personally delivered to the defendant within twenty-four hours or by the end of the next regular business day, after such result was known, whichever is later; (3) the test was performed by or at the direction of a police officer according to methods and with equipment approved by the department of health services and was performed by a person certified or recertified for such purpose by said department or recertified by persons certified as instructors by the commissioner of health services. If a blood test is taken, it shall be on a blood sample taken by a person licensed to practice medicine and surgery in this state, a qualified laboratory technician, an emergency medical technician II or a registered nurse; (4) the device used for such test was checked for accuracy at the beginning of each workday and no later than the end of each workday by a person certified by the department of health services; (5) an additional chemical test of the same type was performed at least thirty minutes after the initial test was performed, provided however the results of the initial test shall not be inadmissible under this subsection if reasonable efforts were made to have such additional test performed in accordance with the conditions set forth in this subsection and such additional test was not performed or was not performed within a reasonable time, or the results of such additional test are not admissible for failure to meet a condition set forth in this subsection; and (6) evidence is presented which demonstrates that the test results and the analysis thereof accurately reflect the blood alcohol content at the time of the alleged offense."

We note that a recent amendment to General Statutes § 14-227a (c) (4), effective October 1, 1988, requires accuracy testing to be performed "immediately before and after such test was performed by a person certified by the department of health services." Public Acts 1988, No. 88-85.

[4] "The Court: Mr. Lyons, your claim is that the tests performed in this case were not done in accordance with the standards set forth by the Department of Health Services in the State of Connecticut due to the fact that number 4 on each of the two samples, being Defendant's A and Defend-

that an evidentiary hearing should have been held on whether the reports met the requirements of § 14-227a (c). The defendant may not seek appellate review of an evidentiary claim that was not distinctly raised in the trial court. Practice Book § 4185; *State* v. *Lonergan,* 16 Conn. App. 358, 362, 548 A.2d 718 (1988).

### III

The defendant's final claim is that the trial court erred in denying his motion to suppress the results of sobriety tests contained in the two toxicological laboratory reports. These reports indicated that the signature of the officer who sealed the blood alcohol sample was not legible on the first report, and was omitted from the second report. General Statutes § 14-227a (c) sets forth the six elements that must be satisfied before the results of chemical analysis tests of a defendant's blood, breath or urine are admissible in a criminal prosecution for a violation of § 14-227a (a). The defendant's challenge relates to the third element, which provides that chemical analysis results are inadmissible unless "the test was performed by or at the direction of a police officer according to *methods* . . . approved by the department of health services . . . ." (Emphasis added.) General Statutes § 14-227a (c) (3).

The "method" at issue in this case is allegedly prescribed by § 14-227a-9 (e), a regulation promulgated by the department of health services in order to maintain the integrity of samples that are used to analyze the percentage of alcohol in a subject's blood. Section 14-227a-9 (e) states that: "Containers and other equipment for sample collection shall be of a type which will preserve the integrity and suitability of the sample from

ant's B, is sealed by no name and blank 4 sealed by a (officer's name illegible, No. 30), and that the failure to fill in those blanks means the tests were not done in accordance with the proper standards and should be suppressed. Am I right?

"Mr. Lyons: Precisely."

the time of collection until it is subjected to testing. The container for each sample shall be of a type which permits application of a seal for the closure. Only those samples which have been properly sealed shall be subjected to testing." The toxicological report forms that are prepared by the department of health services indicate that the officer who seals the samples should be identified. The defendant contends that this form is "part and parcel of the methods" of sobriety testing mandated by § 14-227a-9 (e) of the department of health services pursuant to General Statutes § 14-227a (c) (3). In essence, the defendant argues that because the forms were incomplete, the samples were not "properly sealed." Regs., Conn. State Agencies § 14-227a-9 (e). We disagree.

It is evident from the language of § 14-227a-9 (e) that the purpose of requiring a sealed container is to ensure that the sample reliably reflects the percentage of alcohol in the subject tested. The defendant does not argue that the containers that held his samples were unsealed. Rather, his concern is that the toxicological reports do not indicate *who* sealed the containers. This concern does not address the reliability of the samples taken, but is an attempt to exact form over substance. Moreover, the regulation at issue requires only that the sample be "properly sealed." Regs., Conn. State Agencies § 14-227a-9 (e). The regulation does not require that the form issued by the department of health services be signed by the officer who sealed the sample. As regulations that are promulgated under express legislative authorization have the force of law, we decline to read this requirement into § 14-227a-9 (e). *State* v. *Desso,* 16 Conn. App. 165, 167–68 n.3, 547 A.2d 74 (1988).

There is no error.

In this opinion the other judges concurred.