STATE OF CONNECTICUT *v.* MICHAEL JANSON
(7808)

BORDEN, SPALLONE and LAVERY, Js.

Argued October 20—decision released December 12, 1989

*Frederick W. Odell,* for the appellant (defendant).

*Geoffrey E. Marion,* deputy assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *Samuel J. Sferrazza,* assistant state's attorney, for the appellee (state).

SPALLONE, J. The defendant appeals from the judgment of conviction, after a trial to the court, of operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a. The defendant's sole claim is that the trial court erred in allowing into evidence the chemical analysis of his blood sample taken during hospital treatment for his injuries. We find error.

The facts are as follows. At approximately 7:47 p.m. on May 10, 1988, Officer Tracey Troiano of the Canton police department was dispatched to Mohawk Drive in Canton where she found the defendant's badly damaged vehicle. Although the evening was clear and dry and no other cars were involved, the defendant's car had collided with and shattered a telephone pole. Troiano saw the defendant staggering down the street, ran over to him and ascertained that he had been the operator and sole occupant of the wrecked vehicle. He was bleeding from his knuckles and face. After resisting medical attention, he allowed Troiano to bandage his hands.

Officer Steven Cudworth arrived at the scene and noticed that the defendant had a ruddy face and glazed eyes and was unsteady on his feet. Neither officer detected any alcohol on the defendant's breath. Although Cudworth suspected that the defendant might be under the influence of alcohol or drugs, no field sobriety tests were administered to the defendant because of his apparent need of medical attention.

An ambulance arrived at the scene at 8 p.m. The defendant became violent and angry when a medical attendant touched him, but he calmed down shortly thereafter and agreed to be taken to a hospital. A subsequent examination of the area where the accident had occurred disclosed tire skid marks indicating that the defendant's vehicle was spinning at the time it hit the telephone pole. Notwithstanding the defendant's claim that he had been traveling at forty to forty-five miles per hour, Cudworth estimated from the skid marks that the defendant's vehicle had been traveling on that residential street at seventy miles per hour just before the accident.

Later that evening, Cudworth called the University of Connecticut Health Center to determine whether the defendant was to be given a blood test and learned that a blood sample had already been drawn. On June 9, 1988, the Canton police, pursuant to General Statutes § 14-227a (m),[1] obtained a search and seizure warrant

[1] General Statutes § 14-227a (m) provides: "Notwithstanding the provisions of subsection (c) of this section, evidence respecting the amount of alcohol or drug in the blood of an operator of a motor vehicle involved in an accident who has suffered or allegedly suffered physical injury in such accident, which evidence is derived from a chemical analysis of a blood sample taken from such person at a hospital after such accident, shall be competent evidence to establish probable cause for the arrest by warrant of such person for a violation of subsection (a) of this section and shall be admissible and competent in any subsequent prosecution thereof if: (1) The blood sample was taken in the regular course of business of the hospital for the diagnosis and treatment of such injury; (2) the blood sample was taken by a person licensed to practice medicine in this state, a qualified laboratory technician, an emergency technician ii or a registered nurse; (3) a police officer has demonstrated to the satisfaction of a judge of the superior court that such officer has reason to believe that such person was operating a motor vehicle while under the influence of intoxicating liquor or drug or both and that the chemical analysis of such blood sample constitutes evidence of the commission of the offense of operating a motor vehicle while under the influence of intoxicating liquor or drug or both in violation of subsection (a) of section 14-227a; and (4) such judge has issued a search warrant in accordance with section 54-33a authorizing the seizure of the chemical analysis of such blood sample."

for the medical records containing the results of the defendant's blood test. The records indicated that the defendant's blood alcohol level was .256 at the time the test was administered.

The defendant's sole claim of error on appeal is that the trial court erred in admitting into evidence the chemical analysis of his blood sample taken at the hospital on the night of the accident. Over the defendant's objection, the trial court admitted the test results under General Statutes § 4-104,[2] the hospital records statute. The only question before us is whether such results were inadmissible under § 14-227a (m); see footnote 1, supra; which governs the admissibility in a criminal prosecution of hospital tests for the amount of drugs or alcohol in the blood of an injured operator of a motor vehicle. Since § 14-227a (m) focuses on criminal prosecutions for driving under the influence, where the vehicle operator was taken to a hospital for treatment, its specific terms must override the more general terms of § 4-104. Thus, if the test results in this case are inadmissible under § 14-227a (m), they are "otherwise inadmissible" under § 4-104.

The defendant claims that the standards of subdivisions (1) and (2) of § 14-227a (m) were not met because it was not established that the blood sample (1) was taken for the purpose of diagnosis and treatment, and (2) was drawn by a member of one of the four categories of statutorily qualified persons. We agree that noth-

---

[2] General Statutes § 4-104 provides in pertinent part: "Any and all parts of any such [hospital] record [kept in connection with patient treatment] or copy, *if not otherwise inadmissible,* shall be admitted in evidence without any preliminary testimony, if there is attached thereto the certification in affidavit form of the person in charge of the record room of the hospital . . . indicating that such record or copy is the original record or a copy thereof, made in the regular course of the business of the hospital, and that it was the regular course of such business to make such record at the time of the transactions, occurrences or events recorded therein or within a reasonable time thereafter." (Emphasis added.)

ing in the record discloses the identity of the party who administered the blood test and, therefore, we find error.

The defendant's first claim of error, challenging the medical relevance of his blood test, is without merit. The record supports the conclusion that the drawing of blood from this injured defendant was germane to the hospital's medical treatment of the patient. Thus, subdivision (1) of § 14-227a (m) was satisfied.

Section 14-227a (m) (2) unambiguously states that the results of any blood test, in order to be admissible under its provisions, must be the product of an analysis of a "blood sample taken by a person licensed to practice medicine in this state, a qualified laboratory technician, an emergency technician ii or a registered nurse."

This requirement directly promotes the underlying validity of the test itself and so must be strictly construed.[3] Cf. *State* v. *Garrity*, 17 Conn. App. 376, 382–83, 552 A.2d 452 (1989).

The defendant's hospital record contains the phrase "Bld wt drawn," in an area of the record designated as a nursing note. There is no identification of the person who drew the defendant's blood and no hospital employee testified at trial. The state argues that because the sample was taken in the hospital, it must have been taken by a qualified person. That may be so,

---

[3] This case is distinguishable from cases in which this court has liberally construed the terms of General Statutes § 14-227a (c), which more commonly than § 14-277a (m) provides the evidentiary basis for admitting alcohol level blood tests. See, e.g., *State* v. *Garrity*, 17 Conn. App. 376, 382–83, 552 A.2d 452; *State* v. *Ballantyne*, 17 Conn. App. 209, 214–15, 551 A.2d 770 (1988); *State* v. *Desso*, 16 Conn. App. 165, 168, 547 A.2d 74, cert. denied, 209 Conn. 827, 552 A.2d 433 (1988). These cases admitted into evidence tests that did not in all degrees literally comply with health department regulations referenced in § 14-227a (c) when those regulations were "in no way connected with promoting the underlying validity of the test itself." *State* v. *Garrity*, supra, 383.

but the definition of a qualified person under hospital guidelines may or may not be the same as that enunciated in § 14-227a (m) (2). We cannot speculate that the two are the same. The legislature has mandated a limited list of qualified professionals and the state must sufficiently identify the person taking the sample as being one of those qualified. Furthermore, the state's argument would render subdivision (2) meaningless. It would permit evidence satisfying subdivision (1), that a blood test was taken in a hospital's regular course of business, to satisfy subdivision (2) without more.

Although great deference is due trial court rulings on the admissibility of evidence; *State* v. *Speers,* 17 Conn. App. 587, 601–602, 554 A.2d 769, cert. denied, 211 Conn. 808, 559 A.2d 1142 (1989); we hold here that it was error for the trial court, under the facts and circumstances in this case, to rule that the mandates of § 14-227a (m) were met.

The defendant, who bears the burden of establishing the harmfulness of an evidentiary error; *State* v. *Milner,* 206 Conn. 512, 521, 539 A.2d 80 (1988); has demonstrated that it is more probable than not that the trial court's error affected the verdict. See *State* v. *Daniels,* 18 Conn. App. 134, 145, 556 A.2d 1040 (1989). Because both admissible and inadmissible evidence was entertained by the court, we cannot know which evidence was the dominant factor in the court's ultimate determination that the defendant was guilty beyond a reasonable doubt of driving while intoxicated. It would be pure conjecture for us to conclude that the improperly admitted evidence played no role in the court's conclusion of guilt.

There is error, the judgment of conviction is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.