[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO SUPPRESS
On November 22, 1999, the defendant, Patricia Stern, moved to suppress the evidence obtained from a search and seizure by West Haven Police of medical records and the test results of the defendant's blood/alcohol level. In her motion to suppress, brought pursuant to §§ 41-12, et seq. of the Connecticut Practice Book, the defendant claims that her medical records and test results were obtained in contravention of C.G.S. § 14-227a(L) in that the police did not seek a search warrant and none was issued by a Superior Court Judge and that the purported consent signed by the defendant did not obviate the mandatory requirements of the aforementioned statute.
 I. FACTS
On June 18, 1997, at approximately 7:48 p. m., the defendant was operating a motor vehicle owned by John Harkins on First Avenue in West Haven. At that time, she apparently lost control of his vehicle and struck a parked 1985 Cadillac owned by John DeLillo, resulting in damages in excess of $4,000 to said vehicle.
The West Haven police responded to the accident scene and found the defendant's vehicle on its roof. Officer Faugham, one of the responding officers, observed several open Schaeffer beer cans inside this vehicle. This officer also observed the defendant Patricia Stern, sitting nearby, her face bleeding from injuries sustained. Officer Faugham asked the defendant if she was the operator of the overturned vehicle and she responded "Yes." Apparently, an eyewitness to the accident, one Adam Szulgo, witnessed the Bronco operated in an erratic fashion and ultimately striking the Cadillac. He also observed the defendant crawl out of the vehicle's driver side window. An ambulance was called and the defendant was transported to St. Raphael's Hospital for treatment resulting from broken teeth, a cut lip and injury to her face as well as a right pelvic injury. There appeared to be no sign of unconsciousness. At the hospital, the defendant signed "authorization to release medical records" authorizing the West Haven police to obtain her medical records and, upon seizure of these records, determined that there was probable cause to procure an arrest warrant which was signed by CT Page 15557 Thompson, J. on March 2, 1998.
 II. LEGAL DISCUSSION
The defendant has filed a motion to suppress the chemical analysis of the blood sample taken at the hospital on the basis that it was obtained in violation of procedures set forth in C.G.S. § 14-227 (L), which reads as follows:
"Seizure and Admissibility of Chemical Analysis of Blood Sample of Insured Operation. Notwithstanding the provisions of subsection (c) of this section, evidence respecting the amount of alcohol or drug in the blood of an operator of a motor vehicle involved in an accident who has suffered or allegedly suffered physical injury in such accident, which evidence is derived from a chemical analysis of a blood sample taken from such person at a hospital after such accident, shall be competent evidence to establish probable cause for the arrest by warrant of such person for a violation of subsection (a) of this section and shall be admissible and competent in any subsequent prosecution thereof if: (1) The blood sample was taken in the regular course of business of the hospital for the diagnosis and treatment of such injury; (2) the blood sample was taken by a person licensed to practice medicine in this state, a qualified laboratory technician, an emergency technician II or a registered nurse; (3) a police officer has demonstrated to the satisfaction of a judge of the superior court that such officer Lias reason to believe that such person was operating a motor vehicle while under the influence of intoxicating liquor or drug or both and that the chemical analysis of such blood sample constitutes evidence of the commission of the offense of operating a motor vehicle while under the influence of intoxicating liquor or drug or both in violation of subsection (a) of section 14-227a; and (4) such judge has issued a search warrant "in accordance with section54-33a authorizing the seizure of the chemical analysis of such a blood sample."
It is clear that there was no search warrant issued by a judge authorizing the seizure of the hospital records involved herein. The defendant argues that this provision of § 14-277(L) is clear and unambiguous and mandates that the police seek and obtain a search warrant in order to obtain these medical records. The defendant has referenced four cases in support of her argument. The first case, State v. Johnson, 20 Conn. App. 348, involved a search warrant obtained by the police for blood sample CT Page 15558 readings taken at the hospital where the defendant was treated. The defendant moved to suppress this evidence on the basis that the identity of the person who drew the blood was not disclosed in the records. The Appellate Court agreed with the defendant and found error in the admission of those records. This case is not analogous to the instant case.
The second case, State v. Gilbert, 30 Conn. App. 428,436-441, dealt with the admission of the hospital blood sample obtained as a result of a search warrant. The Appellate Court inGilbert upheld the admissibility of the blood test results. This case misses the mark as it does not deal with the issue in the instant case of "consent" as the basis for obtaining the hospital records and their admissibility without obtaining a search warrant.
The third case, State v. Barber, 42 Conn. App. 589, involved the issue of probable cause in the search warrant and is also not applicable to this case.
Finally, the defendant refers to State v. DesLaurier,32 Conn. App. 553, 562-567, in which the police obtained the results of the chemical analysis of a blood sample through a search warrant. The issue was whether or not the test complied with state regulations and whether the statute violated equal protection rights. The court there upheld the admission of this evidence. This case does not address the issue of consent.
While one's private home may not be entered by law enforcement authorities to conduct a search or effect an arrest without a warrant, exceptions to that warrant requirement have been recognized where there has been valid consent or exigent circumstances exist. Steagald v. United States, 451 U.S. 205
(1981). "It is axiomatic "[a] warrantless search [or entry into one's home] is not unreasonable under either the Fourth Amendment to the Constitution of the United States or Article First, § 7 of the Connecticut Constitution if a person with authority to do so has freely consented. . . ." Schneckloth v. Bustamonte,418 U.S. 218, 248, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Reagan,209 Conn. 1, 7 (1988).
This court can observe no distinction between the obtaining of hospital records by consent from an injured operator suspected of operating under the influence of alcohol or drugs as opposed to consent freely given to enter one's home. The various CT Page 15559 exceptions required under the United States Constitution and the Constitution of the State of Connecticut equally apply to hospital records obtained by law enforcement authorities. This court does not decide the issue of whether the defendant's consent was freely and voluntarily given but only the argument addressing the issue of consent to obtain the hospital records. Accordingly, the defendant's motion to suppress is denied.
The Court
Grogins, J.