STATE OF CONNECTICUT *v.* GUILLERMO RIVERA
(8462)

DUPONT, C. J., FOTI and LAVERY, Js.

---

Argued September 12, 1990—decision released May 28, 1991

*Joseph G. Bruckmann,* assistant public defender, for the appellant (defendant).

*Frederick W. Fawcett,* with whom, on the brief, were *Donald A. Browne,* state's attorney, and *C. Robert Satti, Jr.,* assistant state's attorney, for the appellee (state).

LAVERY, J. The defendant appeals from a judgment of conviction of unlawful sale of narcotics in violation of General Statutes § 21a-278 (b). The defendant contends that the trial court's instructions to the jury relating to circumstantial evidence violated his constitutional right to present a defense and his right to due process. We disagree and affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On June 8, 1988, an undercover detective from

the Bridgeport police department approached the defendant in the vicinity of 378 Wood Avenue. The detective signaled to the defendant indicating that he wanted to buy cocaine. The defendant invited the detective into an alleyway adjacent to 378 Wood Avenue. There, the detective purchased $25 worth of cocaine from the defendant. The detective watched as the defendant left the alleyway and walked toward the store at the front of 378 Wood Avenue. He saw the defendant hand the money to another male. After leaving the scene, the detective radioed a backup unit that was waiting around the corner. He described the defendant as wearing a blue and gray striped shirt and gray pants. The detective indicated that the defendant was the only person so dressed in front of 378 Wood Avenue. The detective also ordered the backup unit to arrest the male to whom the defendant had given the money. An officer in the backup unit proceeded to 378 Wood Avenue and arrested the defendant, who was standing at the curb in front of that address. The undercover detective observed the arrest and confirmed by radio that the backup unit had apprehended the right person. A subsequent search of the defendant by the arresting officers produced neither drugs nor money.

At trial, the defendant called five witnesses who testified about the defendant's movements at the time of the alleged sale, how the arrest was made, and the clothes the defendant was wearing when he was arrested. This testimony differed from the testimony given by the arresting officers and the undercover detective. At the conclusion of the trial, the court included in its jury charge an instruction on circumstantial evidence. When the defendant objected to this instruction, the trial court ruled against him, and he took an exception. On appeal, the defendant asserts that an additional instruction was required relating to circumstantial evidence introduced by the defense.

I

Before addressing the merits of the defendant's appeal, we will first address the state's assertion that the defendant's exception to the court's jury instruction was insufficient to preserve the issue for our review. The state asserts that the exception taken was insufficient because it failed to apprise the court of the deficiency of the charge in a way that would allow the court to make a correction. We disagree.

Pursuant to Practice Book § 852,[1] the defendant was required to provide the trial court with a request to charge the jury or, in the alternative, take an exception by offering a distinct statement of the matter objected to and the grounds for the exception. In general, this court will not review a claim of error regarding a jury instruction unless one of these prerequisites exists. *State* v. *Avila,* 13 Conn. App. 120, 123, 534 A.2d 913 (1987); *State* v. *Alston,* 5 Conn. App. 571, 573, 501 A.2d 764 (1985), cert. denied, 198 Conn. 804, 503 A.2d 1186 (1986). In this case, no written request to charge was made by the defendant. Defense counsel did, however, take immediate exception to the charge in question.

It is clear from a review of the dialogue between defense counsel and the trial court that the court was fully apprised of the charge to which the defendant was objecting and had a sufficient understanding of the defendant's objection. See *State* v. *Peary,* 176 Conn.

---

[1] Practice Book § 852 provides: "The supreme court shall not be bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or exception has been taken by the party appealing immediately after the charge is delivered. Counsel taking the exception shall state distinctly the matter objected to and the ground of objection. Upon request, opportunity shall be given to present the exception out of the hearing of the jury."

170, 182, 405 A.2d 626 (1978), cert. denied, 441 U.S. 966, 99 S. Ct. 2417, 60 L. Ed. 2d 1072 (1979). Thus, we conclude that the necessary predicate of defense counsel's exception properly preserved the issue for our review.

## II

The defendant challenges the trial court's instruction to the jury on the application of the standard of proof beyond a reasonable doubt to the underlying facts relating to circumstantial evidence.[2] The defendant asserts

---

[2] The court instructed the jury in pertinent part as follows: "The defendant is innocent of the crime here charged unless and until the evidence produced before you here in court satisfied you of his guilt beyond a reasonable doubt. The accused does not have to prove that he did not commit the offense with which he's been charged. The burden of proof remains with the state and the state must prove that he did commit the offense and in order to prove that, it must prove every essential element of the offense charge. The mere arrest is indicative of nothing. The fact of an arrest is as consistent with innocence as it is with guilt. Now evidence is developed in the course of trials and there is oral testimony, there are exhibits and there may be demonstrable evidence at times where someone stands up and demonstrates. And you see that and you consider that as evidence in the case. Direct evidence of course is a type of evidence and circumstantial evidence is another type of evidence. Direct evidence is the evidence of the event. The testimony produced here by witnesses, eyewitnesses to a crime or to an event, and they come into court and the witness states what they saw, or what they observed. What they heard, what they did. So you have that witness here and you are examining them and determining whether it is credible, reliable, and believable . . . . The evidence produced in the case must establish or prove the elements of the offense beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean that you must [have] direct evidence supporting a fact. You may apply the rule of circumstantial evidence. This rule involves the offering of facts from which you are asked to infer the existence of another fact or set of facts. Circumstantial evidence is evidence offered to prove a certain fact from which you are asked to infer the existence of another fact in issue. *The jury has to be initially satisfied that the basic fact from which you are asked to draw an inference has been proven beyond a reasonable doubt. If and only if the jury finds the basic fact to have been proved beyond a reasonable doubt may you go on to consider the inference.* Inferences drawn must be reasonable and logical and not the result of speculation or conjecture . . . ." (Emphasis added.)

that the instruction was incorrect because it placed a burden on him as well as on the state to prove facts inferred from circumstantial evidence beyond a reasonable doubt. In essence, the defendant is seeking a separate instruction to the jury that he may rely on circumstantial evidence for his defense and that the facts inferable from his circumstantial evidence need not be proved beyond a reasonable doubt. He maintains that the failure to give such an instruction sets a single beyond a reasonable doubt standard for drawing inferences from circumstantial evidence whether offered by the state or the defendant and thereby places an unconstitutional burden on him. *State* v. *Ortiz*, 217 Conn. 648, 666, 588 A.2d 127 (1991).

In his brief, the defendant supplied this court with an example of a jury charge that he considers correct. It is as follows. "When you're considering circumstantial evidence about the proof of a fact offered by the defense, if the defense, in this case the defendant offered testimony through witnesses to establish certain things. And when it's relying on circumstantial evidence to develop that, it is not their burden to establish those facts beyond a reasonable doubt. It's just that they are established, credible that you believe them but not beyond all reasonable doubt. They don't have any burden here. And once they take on producing evidence, it does not rise to a level of proof beyond a reasonable doubt that the state has."

Because there is no claim that the court in its instructions in any way diluted the state's burden of proving all of the essential elements of the crime charged beyond a reasonable doubt, we will examine the court's circumstantial evidence instruction in the context of the charge as a whole to determine if the jury was misled. See *State* v. *Rodgers*, 198 Conn. 53, 57–58, 58 n.1, 502 A.2d 360 (1985).

In this case, the defendant raised no affirmative statutory defenses that would place a burden of proof on him.[3] A review of the entire charge discloses that the jury was properly instructed on the presumption of innocence afforded the defendant, and the burden on the state of proving every element of the crime beyond a reasonable doubt. The instruction suggested by the defendant had the potential of misleading the jury into believing that the defendant must establish his innocence by a preponderance of the evidence through exculpatory circumstantial facts. This burden could foreclose the defendant's acquittal on the basis of a reasonable doubt "growing from any perceived inadequacy" in the state's proof. *State* v. *Ortiz*, supra, 668. "Not only could such an instruction confuse a jury, but also, without properly emphasizing that the defendant had no burden to prove his innocence, such an instruction could dilute that constitutional protection afforded to an accused 'against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.' " Id., 668–69.

## III

Our review discloses that the jury instruction rendered by the court on circumstantial evidence included the following statement concerning the drawing of inferences from such evidence.

"In fact, proof by circumstantial evidence may be as conclusive as would be the testimony of witnesses speaking on the basis of their own knowledge. In passing upon the guilt of this accused on the basis of such evidence, *you must be satisfied beyond a reasonable doubt that certain facts or circumstances existed and*

---

[3] General Statutes § 53a-12 (b) provides: "When a defense declared to be an affirmative defense is raised at a trial, the defendant shall have the burden of establishing such defense by a preponderance of the evidence."

second, that the existence of those facts or circumstances go beyond a reasonable doubt, reasonably and logically lead you to other facts establishing that this crime was committed by this accused. And unless the existence of those facts or circumstances either alone or in conjunction with other direct evidence, compels you as reasonable men and women to only one conclusion, namely that this accused is guilty of this offense. Then of course, you would not be justified in finding him guilty." (Emphasis added.)

Although the defendant did not challenge this portion of the charge on appeal, or that portion quoted in footnote 2, supra, our review leads us to conclude that in charging that the basic facts leading to the inferences must have been proven beyond a reasonable doubt the trial court was incorrect. Our Supreme Court has held that "[w]here a group of facts are relied upon for proof of an element of the crime it is their cumulative impact that is to be weighed in deciding whether the standard of proof beyond a reasonable doubt has been met and each individual fact need not be proved in accordance with that standard. It is only where a single fact is essential to proof of an element, however, such as identification by means of fingerprint evidence, that such evidence must support the inference of that fact beyond a reasonable doubt." *State* v. *McDonough,* 205 Conn. 352, 355, 533 A.2d 857 (1987), cert. denied, 485 U.S. 906, 108 S. Ct. 1079, 99 L. Ed. 2d 238 (1988).

Although this portion of the charge was incorrect, we recognize that an incorrect charge does not always constitute harmful error. This is true in cases like the one before us where an isolated error in the instruction is cured by other portions of the charge and the circumstantial evidence is so insignificant, compared to the direct evidence, that it is clear beyond a reasonable doubt that the incorrect instruction did not affect the jury's verdict. Id., 356.

678

In addition, the charge given here did not dilute the burden of proof placed on the state but instead increased it. "The state might well have complained that such a charge imposed a far greater burden upon it than the standard requirement that only the inference of guilt as to each element of the crime, as distinguished from the totality of the subordinate facts from which the inference is to be drawn, need be proved beyond a reasonable doubt." *State* v. *James,* 211 Conn. 555, 581, 560 A.2d 426 (1989). The error in the charge benefited the defendant and was harmless beyond a reasonable doubt.

The major thrust of this case was identification and the credibility of the witnesses. A review of the charge as a whole leads us to conclude that there is no reasonable possibility that the jury was misled. The instruction requested by the defendant would have placed an unconstitutional burden on the defendant had it been given.

The judgment is affirmed.

In this opinion the other judges concurred.