STATE OF CONNECTICUT *v.* ROBERT L. WILLIS
(8974)

DUPONT, C. J., SPALLONE and O'CONNELL, JS.

Argued January 7—decision released May 28, 1991

*Arnaldo E. Granados,* assistant public defender, with whom, on the brief, were *William Holden,* public defender, and *Joseph G. Bruckmann,* assistant public defender, for the appellant (defendant).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *C. Robert Satti, Jr.,* assistant state's attorney, for the appellee (state).

DUPONT, C. J. After a jury trial, the defendant was found guilty of violating General Statutes § 21a-278 (b), possession of cocaine with intent to sell, and General Statutes § 21a-279 (c), possession of marihuana.[1] The defendant appeals from this conviction claiming that (1) the jury instructions had the effect of diluting the state's burden of proving guilt beyond a reasonable doubt, thus violating his constitutional right to present a defense and his right to due process, and (2) the trial court allowed the admission of irrelevant and inflammatory evidence that deprived the

[1] The defendant was also charged with another count of violating General Statutes § 21a-278 (b), relating to drugs found in a car in which the defendant was seated just prior to his arrest. He was acquitted on that count.

defendant of his right to due process. We affirm the judgment of the trial court.

The defendant offered circumstantial evidence in support of his contention that he was not the owner of the drugs found in a garbage can in a booking room of police headquarters. The defendant also testified in his own behalf, claiming that he did not put the drugs in the can, although he had been in the room both alone and with others. His case, therefore, consisted of evidence introduced to negate possession, an element of both of the crimes of which he was found guilty, rather than evidence to assert an affirmative defense.[2] A review of the record indicates that this case relies as much on credibility as it does on circumstantial evidence.

The trial court did not differentiate in its instructions between the circumstantial evidence offered by the state and that offered by the defendant and gave one instruction on circumstantial evidence.[3] The defendant

---

[2] General Statutes § 53a-12 (b) provides: "When a defense declared to be an affirmative defense is raised at a trial, the defendant shall have the burden of establishing such defense by a preponderance of the evidence."

*State* v. *Ortiz*, 217 Conn. 648, 588 A.2d 127 (1991), involved the introduction of evidence relating to the assertion of an affirmative defense, and the introduction of evidence of alcohol consumption relating to the negation of an element of the crime charged, as provided in General Statutes § 53a-7.

[3] The relevant portion of the court's instruction was: "Proof beyond a reasonable doubt does not mean that you must have direct evidence supporting a fact. You may apply the rule of circumstantial evidence. This rule involves the offering of evidence of facts from which you are asked to infer the existence of another fact or set of facts. Such an inference may be made provided two elements of the application of this rule are satisfied: That the fact from which you are asked to draw the inference has itself been proven beyond a reasonable doubt, and that the inference asked to be drawn is logical and reasonable and not the result of speculation and conjecture.

"You must be satisfied that the fact to be inferred has been proven beyond a reasonable doubt. It is, however, only where a particular subordinate fact is essential to the proof of an element of the crime that it must be proved beyond a reasonable doubt. It is your right to draw inferences if you con-

claims that he was entitled to a separate jury instruction on circumstantial evidence, charging the jury that the facts from which an inference may be drawn and the facts inferable from the circumstantial evidence produced by him need not be proven beyond a reasonable doubt. He argues that the court, by referring only to the state's burden of proof regarding circumstantial evidence, impermissibly imposed a beyond a reasonable doubt standard on the inferences to be drawn from his evidence.

The defendant correctly asserts that not all evidentiary facts from which an inference can be drawn need to be proven by the state beyond a reasonable doubt, but only those that are essential to proof of an element of the crime.[4] *State* v. *Castonguay,* 218 Conn. 486, 507, 590 A.2d 901 (1991); *State* v. *McDonough,* 205 Conn. 352, 355, 533 A.2d 857 (1987), cert. denied, 485 U.S. 906, 108 S. Ct. 1079, 99 L. Ed. 2d 238 (1988). The defendant argues that if the circumstantial evidence, offered by the state to prove an evidentiary fact that is not essential to proof of an element of the crime, need not be proven beyond a reasonable doubt in order to infer another fact, the defendant should be entitled to the same instruction as to the circumstantial evidence introduced by him. The defendant thus reasons that the charge as given placed an unconstitutional burden on him to prove beyond a reasonable doubt the inferences on which he relied for a defense.

The defendant concedes that these claims were not properly preserved at trial but seeks review under the

clude that the facts you find proven reasonably establish other facts by reason and logic and are not the result of speculation, surmise or guesswork."

[4] The charge as given in the present case was not in conformity with *State* v. *McDonough,* 205 Conn. 352, 533 A.2d 857 (1987), cert. denied, 485 U.S. 906, 108 S. Ct. 1079, 99 L. Ed. 2d 238 (1988); see also *State* v. *Rivera,* 24 Conn. App. 670, 591 A.2d 440 (1991). The state in the present case was held to a higher standard of proof as to subordinate facts than required by *McDonough.*

*Evans-Golding* doctrine. *State* v. *Golding,* 213 Conn. 232, 239–40, 567 A.2d 823 (1989); *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973). Under *Golding,* "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* [of four] conditions are met." The conditions may be examined in any order. *State* v. *Golding,* supra. We conclude that the defendant cannot prevail here because he cannot meet the fourth condition of *Golding,* namely, that when the alleged constitutional violation is subjected to a harmless error analysis, the state is unable to demonstrate harmlessness beyond a reasonable doubt.

In *State* v. *Ortiz,* 217 Conn. 648, 588 A.2d 127 (1991), it was held that a defendant is not entitled to an instruction that he need not prove beyond a reasonable doubt the facts inferable from evidence introduced by him to negate an element of the crime pursuant to the statutory right of General Statutes § 53a-7, as long as the charge given does not suggest that the defendant's circumstantial evidence must be ignored unless he proves that evidence beyond a reasonable doubt. *Ortiz* logically should also apply when a defendant introduces circumstantial evidence in order to deny an element of the crime, without a particular statutory authorization. There need not be a separate instruction on the circumstantial evidence introduced by him in either case. There is no evidentiary threshold beyond which a defendant's evidence must pass in order for a trier to consider evidence negating an element of the crime. Id., 664. The defendant's evidence of denial of an element of an offense, whether circumstantial or direct, does not exist in isolation but, rather, becomes a component of the ultimate question for the jury, namely, did the state prove all elements of the crime beyond a reasonable doubt?

A harmless error analysis in this case indicates that the state has demonstrated the harmlessness of the

alleged constitutional violation beyond a reasonable doubt. Our conclusion is based on the Supreme Court's reasoning in *State* v. *Ortiz,* supra, 667–68, which involved an almost identical charge to the jury, and a conclusion that the jury was not misled. Here, too, there was no reasonable possibility that the jury was misled by the trial court's instruction.[5]

The defendant's second claim is that the trial court incorrectly denied his motion for mistrial after he objected to the admission of testimony on the physical effects of crack cocaine. The defendant maintains that the questioning of the state toxicologist by the state as to the effects of the drug, produced evidence that was both irrelevant and prejudicial to the defendant, thus denying him a fair trial. The court admitted the evidence on the ground that it related to the defendant's intent to sell the drug.

Trial courts have broad discretion in determining the relevancy of evidence. *State* v. *Fritz,* 204 Conn. 156, 167, 527 A.2d 1157 (1987). Rulings on the admissibility of evidence will be disturbed on appeal only upon a showing of a clear abuse of discretion. Id., 167–68. Evidence of the medical effects of cocaine or the physiological response to cocaine has been held relevant as probative of an intent to sell the drug particularly where, as here, the drug was found in large quantities. See *State* v. *Parent,* 8 Conn. App. 469, 474, 513 A.2d 725 (1986).

---

[5] *State* v. *Ortiz,* 217 Conn. 648, 588 A.2d 127 (1991), did not involve an unpreserved claim on the issue of the charge involving circumstantial evidence. The Supreme Court, however, engaged in a *Golding* type analysis and, quoting from *State* v. *Carrione,* 188 Conn. 681, 685, 453 A.2d 1137 (1982), cert. denied, 460 U.S. 1084, 103 S. Ct. 1775, 76 L. Ed. 2d 347 (1983), stated "[w]ithout deciding whether the defendant's claim is one of constitutional dimension, we note that '[a]n erroneous instruction, even of constitutional dimension, is harmless if, viewed in the context of the charge as a whole, there is no reasonable possibility that the jury [was] misled.' " Id., 666 n.11.

Once evidence has been admitted as relevant, "the determination of whether the prejudicial impact of evidence outweighs its probative value is left to the sound discretion of the trial judge and is subject to reversal only where an abuse of discretion is manifest or injustice appears to have been done." *State* v. *Cruz,* 212 Conn. 351, 361, 562 A.2d 1071 (1989). The defendant asserts that he could tell from the facial expressions of the members of the jury that their passions and emotions were being aroused by this evidence. The trial court, however, is in the best position to evaluate the effect of allegedly improper material on the jury. *State* v. *Weinberg,* 215 Conn. 231, 249, 575 A.2d 1003 (1990). We decline here to disturb its determination. Considering the length of this trial, we conclude the trial court did not abuse its discretion in determining that the brief mention of the harmful effects of crack cocaine was not unfairly prejudicial to the defendant.

A trial court has wide discretion in ruling on motions for mistrial. Id., 250. A motion for mistrial is a drastic remedy, granted only when some event has occurred that is so prejudicial it precludes a fair trial. *State* v. *Marra,* 215 Conn. 716, 732, 579 A.2d 9 (1990). Because we have concluded that the trial court did not abuse its discretion in finding this evidence more probative than prejudicial, we must conclude that the trial court correctly denied the defendant's motion for mistrial.

The judgment is affirmed.

In this opinion the other judges concurred.