## STATE OF CONNECTICUT *v.* LARRY TINSLEY
### (8122)

SPALLONE, FOTI and LAVERY, Js.

Argued December 12, 1990—decision released May 28, 1991

*Elizabeth M. Inkster,* assistant public defender, with whom, on the brief, were *G. Douglas Nash,* public defender, and *Joseph G. Bruckmann,* assistant public defender, for the appellant (defendant).

*Frederick W. Fawcett,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *John C. Smriga,* assistant state's attorney, for the appellee (state).

LAVERY, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of assault in the second degree in violation of the General Statutes § 53a-60 (a) (2), criminal possession of a pistol in violation of General Statutes § 53a-217 (a), and carrying a pistol without a permit in violation of General Statutes §§ 29-35 and 29-37 (b). The defendant claims that (1) the trial court's instructions on inferences and circumstantial evidence violated his federal and state constitutional rights to due process of law and (2) the trial court's instruction on assault violated his federal and state constitutional rights to due process of law. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. At about 8 p.m. on June 29, 1987, three brothers, Mark, Michael and Joseph Tracy, were walking through an alley near their home in Bridgeport. When they entered the alley, they saw the defendant and two other males at the opposite end. As the two groups approached the middle of the alley, the defendant pulled a gun, cocked it, and told the Tracys not to move. One of the other males hit Joseph in the arm with a black bag and the third attempted to remove a gold chain from Joseph's neck. Joseph ran to the end of the alley, turned to see his brother Michael running toward him and saw the defendant shoot Michael in the hand. Mark, who was still standing in the alley, also saw the defendant shoot Michael. After the shooting, Mark ran home and Joseph called the police from an emergency call box. Michael stayed by the call box holding his wounded hand while Joseph ran home to get their mother. When Joseph returned, the police and an ambulance had arrived. Michael was taken to the hospital where he was treated for the bullet wound. Joseph and Mark accompanied Officer Travis James, a Bridgeport policeman, in a police cruiser to look for the assailants. The officer, Joseph and Mark cruised the Beardsley Ter-

race Housing project until Joseph identified the defendant, who was leaning against a truck, as his brother's assailant. Mark also recognized the defendant. Upon seeing the police cruiser, two other individuals standing with the defendant ran behind a building and the defendant walked to a pickup truck. James exited his patrol car and walked toward the defendant. As he approached, the officer saw the defendant place a hat in the bed of the truck. James frisked the defendant but found no weapon. The defendant then reached for his hat and as he did James grabbed for the hat. James felt an object in the hat and wrestled it away from the defendant. The object was a gun that contained one spent shell in the chamber and an empty clip. The officer then brought the defendant to the patrol car, where both Mark and Joseph identified him as the man who had had the gun and had shot Michael.

## I

The defendant's first claim is that the court's instructions on circumstantial evidence and the inferences drawn therefrom were defective in that they imposed on the defendant the burden of proving certain inferences beyond a reasonable doubt, thereby diluting the state's burden of proof. The defendant concedes that he did not properly preserve this claim at trial, but argues that because his claim implicates a fundamental constitutional right it is, nevertheless, reviewable under the *Evans-Golding* doctrine. *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989); *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973).

In *Golding,* our Supreme Court reformulated the test of reviewability in *Evans.* The *Golding* court held that when a defendant fails to preserve his claim at trial he can prevail on that claim "only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of con-

stitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis omitted.) *State* v. *Golding,* supra, 239–40. When any one of these conditions is not met, the defendant cannot prevail. Id., 240. The reviewing court is, therefore, free to focus its attention on whichever element is most relevant to the circumstances before it. Id. If on review any one of these conditions is found to be absent, the defendant's claim will fail. Id. We conclude that the defendant's claim cannot prevail because the state has met its burden of demonstrating that the alleged constitutional violation was harmless beyond a reasonable doubt.

The jury charge at issue was given as follows: "Circumstantial evidence is offered to prove a certain fact from which you are asked to infer the existence of another fact or set of facts. Such an inference may be made provided two elements in the application of the law are satisfied. One that the fact from which you are asked to draw the inference has itself been proven beyond a reasonable doubt . . . . Secondly, you must be satisfied that the fact to be inferred has been proved beyond a reasonable doubt. . . . " The court did not instruct the jury to differentiate between circumstantial evidence offered by the state and circumstantial evidence offered by the defendant.

In challenging this jury charge, the defendant, in essence, is seeking a separate instruction to apprise the jury that he may rely on circumstantial evidence for his defense, and that facts inferable from that evidence need be only reasonable and logical. This challenge is at bottom the same as challenges recently raised and decided by the Supreme Court in *State* v. *Ortiz,* 217

Conn. 648, 667–69, 588 A.2d 127 (1991), and by this court in *State* v. *Rivera,* 24 Conn. App. 670, 591 A.2d 440 (1991), and *State* v. *Willis,* 24 Conn. App. 678, 591 A.2d 445 (1991). In both *Ortiz* and *Rivera* it was held that such an additional instruction had the potential of misleading a jury and diluting the burden borne by the state to prove every element of the crime charged beyond a reasonable doubt. In *Willis,* we declined review because the claim was not preserved and failed under the fourth prong of *Golding.*

In this case, the jury was properly instructed as to the presumption of innocence afforded the defendant and the burden was squarely placed on the state to prove every element of the crime beyond a reasonable doubt. The state's case, for the most part, was dependent on the issue of identification and the credibility of the witnesses. The charge did not dilute the burden of proof placed on the state but rather increased it. *State* v. *James,* 211 Conn. 555, 581, 560 A.2d 426 (1989). The defendant bore no burden of proof and there is no reasonable possibility that the jury was misled. *State* v. *Carrione,* 188 Conn. 681, 685, 453 A.2d 1137 (1982), cert. denied, 460 U.S. 1084, 103 S. Ct. 1775, 76 L. Ed. 2d 347 (1983). Although the court was incorrect in charging that each fact leading to an inference must be proven beyond a reasonable doubt this error was harmless beyond a reasonable doubt. *State* v. *McDonough,* 205 Conn. 352, 355, 533 A.2d 857 (1987), cert. denied, 485 U.S. 906, 108 S. Ct. 1079, 99 L. Ed. 2d 238 (1988). The defendant's claim does not meet the fourth prong of *Golding,* and we decline to review it.

II

The defendant next claims that because there was no supporting evidence to establish that the defendant caused physical injury by means of a deadly weapon to anyone other than Michael Tracy, the trial court should not have instructed the jury on alternative forms

of committing assault as set forth in General Statutes § 53a-60 (a) (2).[1] Before taking up the merits of the defendant's claim we must again address the issue of reviewability because the defendant did not file a request to charge nor did he except to the charge when given. *State* v. *Williams,* 202 Conn. 349, 362–63, 521 A.2d 150 (1987).

It is clear that the defendant's claim is reviewable under the *Evans-Golding* bypass doctrine because it implicates his right to be convicted only upon proof beyond a reasonable doubt. *State* v. *John,* 210 Conn. 652, 687, 557 A.2d 93, cert. denied, 493 U.S. 824, 110 S. Ct. 84, 107 L. Ed. 2d 50 (1989); *State* v. *Williams,* supra. Our Supreme Court has held that " '[w]here a person may have been convicted under more than one statutory alternative, the judgment cannot be supported unless the evidence was sufficient to establish guilt under each statutory provision which the trier may have relied upon.' " *State* v. *John,* supra, 687–88.

The trial court instructed the jury in pertinent part as follows: "A person is guilty of assault in the second degree when, with intent to cause physical injury, he causes such injury to such person *or to a third person* by means of a deadly weapon. The court now, in deciding whether intent to commit the crime of assault in the second existed in the mind of the defendant, you may and should draw such inferences and reach such conclusions as you find reasonable from all the surrounding circumstances. But remember, the *inferences that you draw must be drawn from facts that are proven beyond a reasonable doubt and you must be satisfied that the fact to be inferred has itself been proved to you beyond a reasonable doubt.*

---

[1] General Statutes § 53a-60 (a) provides in relevant part: "A person is guilty of assault in the second degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person; or (2) with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

"In considering this question of intent you will understand that the intent to cause injury need not be necessarily directed at the very person who was thereafter injured. The intent of the defendant to cause physical injury may be directed at any person other than himself. *However, to make out this crime the injury need not be done to the actual person the defendant intended to injure. It may fall upon the intended person or upon a third person.* In either event the elements of the crime would be complete." (Emphasis added.)

The defendant asserts that because only one shot was fired and it struck Michael Tracy and no one else, there was insufficient evidence to support the alternative instruction of "or to a third person." He argues that there was insufficient evidence to warrant a guilty verdict under both statutory alternatives in that there was no evidence that he caused physical injury by means of a deadly weapon to anyone other than Michael Tracy. We disagree.

When a defendant's appeal is based on a challenge to the sufficiency of the evidence supporting his conviction our task is two-fold. First, we must review the evidence presented at the trial in the light most favorable to sustaining the verdict. *State v. Carpenter,* 214 Conn. 77, 78, 570 A.2d 203 (1990); *State v. Cimino,* 194 Conn. 210, 211, 478 A.2d 1005 (1984); *State v. Ferrell,* 191 Conn. 37, 46, 463 A.2d 573 (1983). We must then determine whether the factfinder could have reasonably concluded, on the facts established and reasonable inferences drawn therefrom, that the cumulative effect of the evidence established guilt beyond a reasonable doubt. *State v. Rollinson,* 203 Conn. 641, 665–66, 526 A.2d 1283 (1987); *State v. Arnold,* 201 Conn. 276, 282, 514 A.2d 330 (1986); *State v. Stepney,* 191 Conn. 233, 255, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772 (1984). The fact that evidence on which the verdict is based is in whole or

in part circumstantial rather than direct does not diminish its probative force. *State* v. *Rollinson,* supra, 666; *State* v. *Sinclair,* 197 Conn. 574, 576, 500 A.2d 539 (1985). We do not weigh again the evidence or resolve questions of credibility in making such a determination. *State* v. *Melillo,* 17 Conn. App. 114, 117, 550 A.2d 319 (1988).

In this case, the jury could have reasonably concluded that both Michael and Joseph Tracy were running away from the defendant in the same direction in the alley. Joseph reached the end of the alley first and he saw Michael running toward him. He also saw the defendant shoot the gun and saw the bullet hit Michael. There was sufficient evidence for the jury to conclude that the defendant could see both Michael and Joseph, and that the defendant was aiming at and intended to shoot Joseph but instead shot Michael. Since there was no direct evidence of the defendant's intent, this was a reasonable and logical inference that the jury could make to find him guilty beyond a reasonable doubt.

The judgment is affirmed.

In this opinion the other judges concurred.