STATE OF CONNECTICUT *v.* GEORGE C. CARTER

BOGDANSKI, PETERS, HEALEY, ARMENTANO and WRIGHT, Js.

Argued December 3—decision released December 30, 1980

*Richard Emanuel,* assistant public defender, with whom, on the brief, was *Jerrold H. Barnett,* public defender, for the appellant (defendant).

*William F. Gallagher,* special assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *John J. Kelly,* assistant state's attorney, for the appellee (state).

PER CURIAM. The dispositive issue on this appeal is whether the trial court's failure to give the "no unfavorable inferences" instruction mandated by General Statutes § 54-84 (b) is reversible error when the defendant's trial counsel failed to object to its omission from the charge delivered by the trial court. This case is governed by our recent ruling in *State* v. *Burke,* 182 Conn. 330, 333-34, 438 A.2d 93 (1980).

The defendant, George C. Carter, was indicted, tried and convicted of felony murder in violation of Public Acts 1974, No. 74-186, § 11, now General Statutes § 53a-54c. The defendant did not testify on his own behalf. The presentation of evidence in his trial was concluded on September 30, 1977, and

the court charged the jury the following Tuesday, October 4, 1977. The instructions to the jury did not include the "no unfavorable inferences" charge mandated by General Statutes § 54-84 (b),[1] although that statute had taken effect on October 1, 1977. No requests concerning instructions pursuant to the statute were made to the trial court, and no exceptions were taken in that regard.

This case is indistinguishable from *State* v. *Burke,* supra. For the reasons there detailed, we will exercise our discretion to review the defendant's claim despite his failure to make a timely request or objection concerning the charge in the trial court. "Where the legislature has chosen specific means to effectuate a fundamental right, failure to follow the mandatory provisions of the statute is plain error, reviewable by this court." *State* v. *Burke,* supra, 332. The provisions of § 54-84 (b) require the court, unless the defendant requests otherwise, to instruct the jury that no unfavorable inferences may be drawn from his failure to testify. *State* v. *Burke,* supra, 333. Failure to follow the mandate of the statute is reversible error.

There is error, the judgment is set aside and a new trial is ordered.

---

[1] "[General Statutes] Sec. 54-84. . . . (b) Unless the accused requests otherwise, the court shall instruct the jury that they may draw no unfavorable inferences from the accused's failure to testify. In cases tried to the court, no unfavorable inferences shall be drawn by the court from the accused's silence."