STATE OF CONNECTICUT *v.* ROLAND BOULWARE

BOGDANSKI, PETERS, HEALEY, ARMENTANO and WRIGHT, Js.

Argued January 8—decision released April 14, 1981

*Jerrold H. Barnett,* public defender, with whom, on the brief, was *Suzanne Zitser Gottlieb,* assistant public defender, for the appellant (defendant).

*Robert J. O'Brien,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

WRIGHT, J. The only issue in this appeal is whether the trial court erred in instructing the jury that they "may not draw any unfavorable inference as to [the defendant's] guilt merely because of his failure or refusal to testify." Under the jury's verdict the defendant was found guilty of burglary in the third degree,[1] and not guilty of larceny in the third degree. The defendant challenges his conviction of third degree burglary by mounting a two-fold attack on the court's instruction: He contends that the instruction violated his fifth amendment right to remain silent[2] and that it ran afoul of the mandate of General Statutes § 54-84 (b).[3] We reject both arguments and affirm the conviction.

[1] "[General Statutes] Sec. 53a-103. BURGLARY IN THE THIRD DEGREE: CLASS D FELONY. (a) A person is guilty of burglary in the third degree when he enters or remains unlawfully in a building with intent to commit a crime therein."

[2] The fifth amendment to the United States constitution provides in part that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself . . . ."

[3] General Statutes § 54-84 (b) provides: "Unless the accused requests otherwise, the court shall instruct the jury that they may

At the outset, we note that the defendant's claims are reviewable notwithstanding his failure to submit a request to charge or to except to the charge as given. See Practice Book § 854. The fifth amendment claim is reviewable because it amounts to a claim that the defendant was deprived of a fundamental constitutional right and a fair trial and the record is sufficiently complete for us to consider the claim on the merits. *State* v. *Evans,* 165 Conn. 61, 70–71, 327 A.2d 576 (1973). The § 54-84 (b) claim is reviewable for the reasons stated in *State* v. *Burke,* 182 Conn. 330, 331–33, 438 A.2d 93 (1980). See *State* v. *Carter,* 182 Conn. 580, 581, 438 A.2d 778 (1980). Both claims must be considered in light of the charge as a whole. *State* v. *McDaniel,* 176 Conn. 131, 136, 405 A.2d 68 (1978).

The defects in the instruction[4] which the defendant relies on were the court's use of the word "may" and its insertion of the word "merely" before the words "because of his failure or refusal to testify." The defendant claims that these words offend both the fifth amendment and § 54-84 (b). We cannot agree.

draw no unfavorable inferences from the accused's failure to testify. In cases tried to the court, no unfavorable inferences shall be drawn by the court from the accused's silence."

[4] The full instruction on the defendant's failure to testify was as follows: "I'm going to give you another instruction dealing with the credibility of a witness. Now, as I am sure you know, under our law in a criminal case the person on trial for any offense which he might be charged with has the option of testifying or not to testify in his own behalf. In this case the defendant elected not to testify. It is my duty to tell you that you may not draw any unfavorable inference as to his guilt merely because of his failure or refusal to testify. In other words, the defendant has no duty to prove his own innocence. The burden is still upon the State to offer evidence sufficient to establish beyond a reasonable doubt that the defendant committed the crime or crimes with which he is charged."

With respect to the fifth amendment claim, the defendant has a right, upon proper request, to have the court instruct the jury that no adverse inferences may be drawn from his failure to testify. *Carter* v. *Kentucky,* 450 U.S. 288, 305, 101 S. Ct. 1112, 67 L. Ed. 2d 241 (1981). From the record and briefs, it appears that no such request was made in this case. Moreover, we conclude that the contested instruction discharged the trial court's "constitutional obligation . . . to minimize the danger that the jury [would] give evidentiary weight to a defendant's failure to testify." Id.

We next consider the § 54-84 (b) claim. As to the word "may," the statute provides that "the court shall instruct the jury that they *may* draw no unfavorable inferences from the accused's failure to testify." (Emphasis added.) Thus the charge given satisfied the statute in this respect.

The defendant also maintains that by the court's use of the word "merely," the instruction left open the possibility that the jury would draw adverse inferences from the accused's failure to testify. The defendant interprets the instruction as precluding adverse inferences based on his silence alone, but allowing such inferences if the jury found some evidence of guilt. Although we discourage the use of the word "merely" in this situation because it adds nothing of substance to the charge, we conclude that the defendant has viewed the instruction in a far too technical manner. See *State* v. *Tropiano,* 158 Conn. 412, 432–33, 262 A.2d 147 (1969), cert. denied, 398 U.S. 949, 90 S. Ct. 1866, 26 L. Ed. 2d 288 (1970). We think a reasonable juror hearing this instruction within the context of the entire charge would naturally assume that the defendant's

silence formed no part of the case. This is in harmony with both the letter and the spirit of § 54-84 (b).

There is no error.

In this opinion the other judges concurred.