STATE OF CONNECTICUT *v.* DARNELL TATEM
(10442)

PETERS, HEALEY, PARSKEY, SHEA and DANNEHY, Js.

Argued October 2—decision released November 20, 1984

*Erskine D. McIntosh,* for the appellant (defendant).

*Frederick W. Fawcett,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (state).

ARTHUR H. HEALEY, J. The defendant, Darnell Tatem, was convicted after a trial to the jury of two counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a).[1] Tatem did not testify at the trial. On appeal, the defendant claims error in the trial court's instructions to the jury on General Statutes § 54-84 (b).[2] That statute provides in relevant part that "[u]nless the accused requests otherwise, the court shall instruct the jury that they may draw no unfavorable inferences from the accused's failure to testify. . . ." Because we find error in the trial court's jury instructions, we need not discuss the facts except as they may relate to the jury instruction in issue.

Initially, we note that the defendant did not file a request to charge on the statute nor did he take an exception to the court's instructions on the statute. We will, nevertheless, exercise our discretion to review the defendant's claim. Practice Book § 3063; *State* v. *Carter,* 182 Conn. 580, 581, 438 A.2d 778 (1980); see also *State* v. *Boulware,* 183 Conn. 444, 446, 441 A.2d 1 (1981). It must be pointed out that the legislature, in enacting the "no unfavorable inferences" statute embodied in § 54-84 (b), " 'has chosen specific means to effectuate a fundamental right . . . .' " *State* v. *Carter,* supra, 581; *State* v. *Burke,* 182 Conn. 330, 331–32, 438 A.2d 93 (1980); see *State* v. *Carrione,* 188 Conn. 681, 685 n.3, 453 A.2d 1137 (1982), cert. denied, 460 U.S. 1084, 103 S. Ct. 1775, 76 L. Ed. 2d 347 (1983). In *Carrione* we said that, "[i]n *State* v. *Burke,* 182

---

[1] General Statutes § 53a-70 (a) provides: "A person is guilty of sexual assault in the first degree when such person compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person."

[2] The state had been given permission, pursuant to General Statutes § 54-96 to appeal. The state withdrew that appeal prior to oral argument before us.

Conn. 330, 438 A.2d 93 (1980), this court held that it was plain error for a trial judge not to comply with the mandate of General Statutes § 54-84 (b) to 'instruct the jury that they may draw no unfavorable inferences from the accused's failure to testify . . . ." *State* v. *Carrione,* supra, 683.

The trial court's instructions specifically challenged here by the defendant were the following: "The defendant did not testify in this matter. It is his Constitutional right not to testify. He has this right under the Fifth Amendment of the Constitution of the United States and it is also contained in the Constitution of the State of Connecticut. He has the absolute right to remain silent. As we said earlier, the burden of proving the guilt of the accused is upon the State. Therefore, you may draw no *unreasonable* inference from the accused's failure to testify." (Emphasis added.)

The defendant claims that the use of the very language of § 54-84 (b) is mandatory, arguing that the legislature has chosen specific language to effectuate a fundamental right. Honing in on the trial court's use of the term "no unreasonable inference" as opposed to the statutory provision dictating "no unfavorable inferences," he argues that harmful error resulted from the instruction as given because it was "reasonable that the jury could have been misled into believing that [it] could draw an unfavorable inference of guilt relative to his failure to testify if it was not unreasonable to do so taking into consideration the evidence against [him]."[3] In addition, he maintains that the jury "could have felt" that the term "unreasonable meant that they were not to draw an inference of guilt *solely* from [his] desire not to testify but that they could take the silence into consideration." (Emphasis in original.) There is,

---

[3] The defendant has raised no question of whether there was sufficient evidence to sustain his conviction.

he also urges, even after examining the jury charge as a whole, nothing that renders harmless the trial court's instructions on this statute.

The state, on the other hand, claims that it is not "reasonably possible" that the challenged instructions, when viewed in the light of the charge as a whole, misled the jury. In so arguing, it points out that, not only did the trial court instruct the jury, inter alia, that the defendant "has the absolute right to remain silent," but also that this court's failure to apply "a ritualistic standard to this instruction" requires a conclusion of no error after an examination of the entire charge. The state also claims that, in instructing the jury that the state had the burden of proof, the trial court was in effect telling the jury, "do not consider the defendant's failure to testify, it has no part in this case." Moreover, it maintains that a reasonable juror hearing the challenged instruction within the context of the entire charge would naturally assume that the defendant's silence formed no part of the case. The state's claims lack merit.

In construing § 54-84 (b) in *State* v. *Burke,* supra, 333–34, we said that "[t]he present statute *clearly requires* that the court instruct the jury that no unfavorable inferences may be drawn from the defendant's failure to testify. *State* v. *Anonymous (1980–10),* 36 Conn. Sup. 583, 421 A.2d 872 (1980). We hold today that this charge must be given unless the defendant requests otherwise. In so holding, we do no more than reaffirm the clear intent of the legislature as expressed in the words of the statute. General Statutes § 54-84 (b); 20 H. R. Proc., Pt. 11, 1977 Sess., pp. 4543–45; 20 S. Proc., Pt. 5, 1977 Sess., pp. 2067–69." (Emphasis added.) We recognized in *Burke* that the legislature, in enacting § 54-84 (b), had "statutorily established a new procedure concerning the rights of accused per-

sons who choose to exercise their fifth amendment right not to testify." *State* v. *Burke,* supra, 331; see *State* v. *Carter,* supra, 581.

Turning to the trial court's instructions, we focus initially on the language: "Therefore, you may draw no *unreasonable* inference from the accused's failure to testify." (Emphasis added.) The use of the word "unreasonable" instead of "unfavorable" as specified by the legislature in the statute is error. It requires no elaborate syllogistic analysis to demonstrate that an unfavorable inference may not necessarily be an unreasonable inference. The trier of fact is entitled to draw any reasonable and logical inference based upon the facts found proven; *State* v. *Englehart,* 158 Conn. 117, 121, 256 A.2d 231 (1969); and any such inference cannot be based on possibilities, surmise or conjecture. *Hennessey* v. *Hennessey,* 145 Conn. 211, 214–15, 140 A.2d 473 (1958). In short, "[t]he only kind of an inference recognized by the law is a *reasonable* one." (Emphasis in original.) *Parker* v. *Great Atlantic & Pacific Tea Co.,* 146 F. Sup. 871, 873 (N.D. Ind. 1956). "This process of inference is peculiarly a jury function, the raison d'etre of the jury system." *Pierce* v. *Albanese,* 144 Conn. 241, 256, 129 A.2d 606, appeal dismissed, 355 U.S. 15, 78 S. Ct. 36, 2 L. Ed. 2d 21 (1957).

Long before the legislature enacted § 54-84 (b), we said, in *State* v. *Ford,* 109 Conn. 490, 499, 146 A. 828 (1929), that "[t]he fact that an accused has chosen not to take the stand is a fact in the case which the jury are entitled to treat as they treat any fact established by the evidence, giving it more or less weight as the circumstances may justify." This case demonstrates that it is not inherently unreasonable to draw an inference of guilt from the defendant's silence.

Constitutional law and our decisional law since the enactment of § 54-84 (b) now afford protection to a

defendant who chooses not to testify in his criminal trial. The United States Supreme Court has recently pointed out that "[n]o judge can prevent jurors from speculating about why a defendant stands mute in the face of a criminal accusation, but a judge can, and must . . . use the unique power of the jury instruction to reduce that speculation to a minimum." *Carter* v. *Kentucky,* 450 U.S. 288, 303, 101 S. Ct. 1112, 67 L. Ed. 2d 241 (1981). The trial judge has "a powerful tool . . . to protect the constitutional privilege"; id.; in the use of this jury instruction, the purpose of which is "to remove from the jury's deliberations any influence of unspoken adverse inferences." Id., 298, quoting *Lakeside* v. *Oregon,* 435 U.S. 333, 339, 98 S. Ct. 1091, 55 L. Ed. 2d 319 (1978). Just as the adverse comment on the defendant's failure to testify proscribed in *Griffin* v. *California,* 380 U.S. 609, 614, 85 S. Ct. 1229, 14 L. Ed. 2d 106, reh. denied, 381 U.S. 957, 85 S. Ct. 1797, 14 L. Ed. 2d 730 (1965), "cuts down on the privilege by making its assertion costly," the *Carter* court emphasized that "the failure to limit the jurors' speculation on the meaning of that silence . . . exacts an impermissible toll on the full and free exercise of the privilege." *Carter* v. *Kentucky,* supra, 305. That rationale is fully appropriate to the application of the mandate of § 54-84 (b) to this case. There is merit to the defendant's claims that the challenged instruction clearly permitted the jury to draw an unfavorable inference which was also a reasonable inference and, therefore, one in violation of his rights under § 54-84 (b).

Even though we find the instruction erroneous, this, however, does not end our analysis. "An erroneous instruction, even of constitutional dimension, is harmless if, viewed in the context of the charge as a whole, there is no reasonable possibility that the jury was misled. *State* v. *Hines,* 187 Conn. 199, 209, 445 A.2d 314 (1982)." *State* v. *Carrione,* supra, 685. After an

examination of the charge as a whole, we conclude that there was such a reasonable possibility. In doing so, we accept the state's position that "[w]hether a charge is possibly misleading depends on the substance rather than the form of what is said." *State* v. *Kurvin,* 186 Conn. 555, 565, 442 A.2d 1327 (1982).

The state points out that the trial court's statement that the defendant "has the absolute right to remain silent" just preceded its statement that the prosecution has the burden of proving the defendant guilty. It argues that these statements, taken together, serve to cure the instruction to draw "no unreasonable inference" from the failure to testify. We do not agree. Rather, the license given by the instruction to draw a reasonable inference, much more consistent with guilt than innocence, impermissibly dilutes "the absolute right to remain silent" language by serving to adulterate that language, thus subverting the clear purpose of § 54-84 (b). The "no unfavorable inferences" instruction "is also an explanation to a jury of laymen of the reason why a defendant may not be called [upon] to testify in a criminal case. We cannot assume that lay jurors know what lawyers and judges know." *People* v. *Harris,* 52 Mich. App. 739, 741, 218 N.W.2d 150 (1974). Long before *Carter* v. *Kentucky,* supra, the United States Supreme Court said: "We need not close our eyes to the fact that every person accused of crime is under some pressure to testify, lest the jury, despite carefully framed instructions, draw an *unfavorable* inference from his silence." (Emphasis added.) *Raffel* v. *United States,* 271 U.S. 494, 499, 46 S. Ct. 566, 70 L. Ed. 1054 (1926).

We cannot accept the state's claim made under *State* v. *Boulware,* supra, 447-48, that "a reasonable juror hearing this instruction within the context of the entire charge would naturally assume that the defendant's silence formed no part of the case." Our examination

of the charge as a whole demands a contrary conclusion. *State* v. *Wilkinson,* 176 Conn. 451, 454, 408 A.2d 232 (1979). The statute clearly requires the use of the word "unfavorable" as opposed to "unreasonable." Certainly the silence of the defendant without explanation or contradiction by him is perceived by the jury, "which perceiving they can no more disregard than one can the light of the sun, when shining with full blaze on the open eye." *State* v. *Cleaves,* 59 Me. 298, 301 (1871).

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.