STATE OF CONNECTICUT *v.* JOHN YURCH
(11282)

DUPONT, C. J., FREEDMAN and SCHALLER, Js.

Argued May 4—decision released June 22, 1993

*Louis S. Avitabile,* with whom, on the brief, was *David M. Abbamonte,* for the appellant (defendant).

*Stephen R. Park,* assistant attorney general-special assistant state's attorney, with whom were *Lisa C. Mueller,* law student intern, and, on the brief, *Richard Blumenthal,* attorney general, for the appellee (state).

PER CURIAM. The issue in this case is whether the trial court's charge violated General Statutes § 54-84 (b). Subsection (b) provides: "Unless the accused requests otherwise, the court shall instruct the jury that they may draw no unfavorable inferences from the accused's failure to testify. . . ." The defendant did not testify at his trial and did not request the court to refrain from giving the statutory charge. Rather, the defendant twice requested that the statutory charge be given.

The trial court then charged the jury that "no unreasonable inference may be drawn from the fact that a defendant decides not to testify." The defendant claims that the trial court's use of the word "unreasonable" instead of "unfavorable" is plain error and therefore entitles the defendant to a new trial.

This case is governed by *State* v. *Tatem,* 194 Conn. 594, 483 A.2d 1087 (1984). Any but the most minor deviation from the language of General Statutes § 54-84 (b) is plain error. Id., 598; *State* v. *Thurman,* 10 Conn. App. 302, 309, 523 A.2d 891, cert. denied, 204 Conn. 805, 528 A.2d 1152 (1987). If the substan-

tive meaning of the statute is changed in the charge, that change constitutes plain error. *State* v. *Thurman,* supra, 310–13. *State* v. *Tatem,* supra, 601, establishes that the use of "unreasonable" in place of "unfavorable" changes the substantive meaning of the statute and is therefore plain error.

The judgment is reversed and the case is remanded for a new trial.