STATE OF CONNECTICUT *v.* JAMES COOPER
(12762)

SCHALLER, SPEAR and HENNESSY, Js.

Argued February 16—decision released August 8, 1995

*James B. Streeto,* special public defender, for the appellant (defendant).

*David J. Sheldon,* deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Michael Zuk,* deputy assistant state's attorney, for the appellee (state).

SCHALLER, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of one count of operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a (a) (1) and one count of operating a motor vehicle while under the influence of intoxicating

liquor in violation of General Statutes § 14-227a (a) (2).[1] The defendant claims (1) that the trial court improperly instructed the jury in several respects: (a) in directing the jury to find that Interstate Route I-84 was a public highway; (b) in instructing the jury that it could consider the results of the defendant's blood alcohol tests in determining whether to convict him for a violation of § 14-227a (a) (1); (c) in failing to instruct the jury that facts essential to proof of an element of a crime must be proven beyond a reasonable doubt; (d) in failing to relate the facts to the law; and (e) in instructing the jury in a manner that deprived the defendant of a fair trial, (2) that the trial court improperly denied a motion to suppress, and (3) that the defendant's convictions under both subdivisions of § 14a-227a (a) violate the double jeopardy provisions of the federal and state constitutions. We reverse the judgment of the trial court only as to the conviction under § 14-227a (a) (1).

The jury reasonably could have found the following facts. At approximately 8:25 p.m. on December 21, 1991, Sergeant William Marchand of the state police saw a pickup truck traveling without lights on I-84. Marchand drove behind the vehicle and signaled the driver to pull over. After it had come to a stop, Marchand approached the vehicle, which was operated by the defendant, James Cooper.

On the basis of his observations, Marchand had the defendant exit the vehicle and called for another offi-

---

[1] General Statutes § 14-227a provides in relevant part: "(a) OPERATION WHILE UNDER THE INFLUENCE. No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if he operates a motor vehicle on a public highway of this state . . . (1) while under the influence of intoxicating liquor or any drug or both or (2) while the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight."

cer to conduct field sobriety tests. About ten minutes later, Trooper Michael Smart arrived. Smart conducted five field tests on the defendant, including several after his initial determination that the defendant was intoxicated. Smart arrested the defendant and drove him to the state police barracks in Southbury where he conducted two breathalyzer tests of the defendant. The first test, performed at 9:28 p.m., measured the defendant's blood alcohol level at 0.261 percent. The second test, at 10:15 p.m., measured the level at 0.228 percent.

The defendant originally was charged with operating a motor vehicle while under the influence of intoxicating liquor pursuant to § 14-227a. The state subsequently filed a substitute information containing two counts of operating a motor vehicle while under the influence of intoxicating liquor pursuant to subdivisions (1) and (2) of § 14-227a (a). The jury found the defendant guilty of both counts.

I

A

The defendant first claims that the trial court improperly instructed the jury "that the highway in question is a public highway. So you need not deal with that element and you need not make that finding." The defendant claims that the trial court thereby violated his right to trial by jury pursuant to the fifth, sixth and fourteenth amendments to the United States constitution and article first, §§ 8 and 19, of the Connecticut constitution.[2] Because the defendant did not preserve this

[2] "Although the defendant invokes the state constitution in support of his [claim] . . . 'we limit our analysis to the federal guarantee in light of his failure independently to analyze the state constitution.' *State* v. *Joly*, 219 Conn. 234, 258 n.16, 593 A.2d 96 (1991)." *State* v. *Shanks*, 34 Conn. App. 103, 113 n.10, 640 A.2d 155, cert. denied, 229 Conn. 921, 642 A.2d 1216 (1994).

claim at trial, to prevail he must meet the conditions set out in *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989).

"In *State* v. *Golding*, [supra, 213 Conn. 233] our Supreme Court reformulated the test of reviewability in [*State* v. *Evans*, 165 Conn. 61, 327 A.2d 576 (1973)]. The *Golding* court held that when a defendant fails to preserve his claim at trial he can prevail on that claim only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. . . ." (Citation omitted; internal quotation marks omitted.) *State* v. *Velez*, 30 Conn. App. 9, 20–21, 618 A.2d 1362, cert. denied, 225 Conn. 907, 621 A.2d 289 (1993); see also *State* v. *Gamble*, 27 Conn. App. 1, 13, 604 A.2d 366, cert. denied, 222 Conn. 901, 606 A.2d 1329 (1992). If any one of these conditions is not established, the defendant's claim will fail.

We find the defendant's claim reviewable. In examining the first prong of *Golding*, we note that it was designed to avoid remands for the purpose of supplementing the record. *State* v. *Stanley*, 223 Conn. 674, 690, 613 A.2d 788 (1992). Our review of the record indicates that the facts are sufficiently clear and unambiguous for this court to determine whether a constitutional violation has occurred.

The second prong of *Golding* is also satisfied. "An accused has a fundamental right, protected by the due process clauses of the federal and Connecticut constitutions, to be acquitted unless proven guilty of each

element of the charged offense beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Williams*, 202 Conn. 349, 363, 521 A.2d 150 (1987). Improper jury instructions on an essential element of the crime charged implicate a fundamental constitutional right. See *State* v. *Wilkinson*, 176 Conn. 451, 408 A.2d 232 (1979); *State* v. *Kwaak*, 21 Conn. App. 138, 572 A.2d 1015, cert. denied, 215 Conn. 811, 576 A.2d 540 (1990).

We must consider next whether the defendant met his burden as to the third requirement of *Golding*. "We must inquire whether the alleged constitutional violation clearly exists and, if so, whether it clearly has deprived the defendant of a fair trial." *State* v. *Leroy*, 33 Conn. App. 232, 236, 635 A.2d 300 (1993), rev'd, 232 Conn. 1, 653 A.2d 161 (1994). The defendant claims that the trial court improperly instructed the jury by removing from the jury's consideration a necessary element under both offenses of driving while intoxicated, in violation of the defendant's constitutional rights to a fair trial.

According to § 14-227a (a), a necessary element of the charged offense is that the defendant operate a motor vehicle on a public highway. In its instructions to the jury, the trial court charged the jury as follows: "The second element is that the defendant operated the motor vehicle on a public highway of the state. I am going to charge you that the highway in question is a public highway. So you need not deal with that element and you need not make that finding."

The defendant argues that this instruction violated the *Sandstrom* doctrine against a mandatory presumption; *Sandstrom* v. *Montana*, 442 U.S. 510, 517–24, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979);[3] thereby render-

---

[3] "In *Sandstrom* v. *Montana*, [supra, 442 U.S. 517–24], the United States Supreme Court held that a jury instruction that the law presumes that a

ing "irrelevant the evidence on the issue because the jury may have relied upon the presumption rather than upon that evidence." *Connecticut* v. *Johnson*, 460 U.S. 73, 85, 103 S. Ct. 969, 74 L. Ed. 2d 823 (1983). We need not decide whether the *Sandstrom* doctrine applies to this case because the defendant waived his right to require the state to prove the public highway element of the offense beyond a reasonable doubt.

In the usual *Golding* situation, the defendant raises a claim on appeal which, while not preserved at trial, at least was not waived at trial. The due process clause prescribes that the defendant has a right to require the fact finder to determine each element of an offense charged beyond a reasonable doubt. *Sullivan* v. *Louisiana*, 508 U.S. 275, 277–78, 113 S. Ct. 2078, 124 L. Ed. 2d 182 (1993). " 'It is the duty of the Government to establish . . . guilt beyond a reasonable doubt. This notion—basic in our law—is a requirement and a safeguard of due process of law in the historic, procedural content of "due process." ' " *In re Winship*, 397 U.S. 358, 362, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970), quoting *Leland* v. *Oregon*, 343 U.S. 790, 802–803, 72 S. Ct. 1002, 96 L. Ed. 1302 (1952) (Frankfurter; J., dissenting). Under the circumstances, however, the record reveals that the defendant conceded the element in question, and, therefore, waived his right to require the fact finder to determine the element.

In this case, the state offered evidence that I-84 is public. Marchand testified without objection that I-84

person intends the ordinary consequences of his voluntary acts violated the defendant's due process rights because a reasonable jury could have interpreted the instruction as a conclusive or burden-shifting presumption and thus relieved the state of its burden of proving every element of the crime. See *Francis* v. *Franklin*, 471 U.S. 307, 105 S. Ct. 1965, 85 L. Ed. 2d 344 (1985); *United States* v. *United States Gypsum Co.*, 438 U.S. 422, 98 S. Ct. 2864, 57 L. Ed. 2d 854 (1978); *Mullaney* v. *Wilbur*, 421 U.S. 684, 95 S. Ct. 1881, 44 L. Ed. 2d 508 (1975) . . . ." (Internal quotation marks omitted.) *State* v. *Cooper*, 227 Conn. 417, 443–44, 630 A.2d 1043 (1993).

is a public highway, that the general motoring public has access to the road, and that the state department of transportation maintains the highway, plows the road when it snows and is responsible for cleaning oil spills. The defendant did not challenge that testimony either by cross-examination or by presenting evidence to the contrary. The defendant's attorney, in fact, referred to the highway as the "interstate" in the course of cross-examination. Moreover, in arguing a motion for judgment of acquittal, the defendant's attorney argued that the second officer "didn't actually testify that he was unfit to operate upon the public highways." Counsel moved for a "directed verdict of acquittal concerning the opinion by those officers as to the inability to operate on the public highway." Further, the defendant's attorney stated that the tests were given in "a flat area maybe slightly downhill but it certainly wasn't in the grass off the side of the public highway." In short, failure to prove the public highway element was not a ground of the defendant's motion.

Furthermore, the state's attorney, in closing argument, argued that the evidence was uncontroverted that the defendant operated on a public highway. The defendant's attorney, in his summation, did not dispute that fact. The state's attorney further informed the jury in the initial summation that "the Judge will tell you that I-84 is a public highway." Once again, the defendant's attorney did not challenge that assertion in his closing argument. To the contrary, the defendant's attorney referred to the highway at issue as "out there on Interstate 84, either right on the Interstate or right off the Interstate." He added that "it was the same area where that poor fellow got hit by the trailer truck," referring to an incident testified to in which a state trooper had been struck on I-84.

In addition, the defendant's attorney argued that the officer, after stopping the defendant, "had him driving off the highway because he was in the truck lane." While no express stipulation as to the public nature of the highway was ever placed on the record by either attorney or by the trial court, the trial court instructed the jury as to the public nature of the highway without objection by the defendant. The statements by counsel, which were tantamount to a stipulation as to the public highway element, therefore amounted to an implied waiver by the defendant.

A defendant in a criminal prosecution may waive one or more of his or her fundamental rights. *State* v. *Patterson*, 230 Conn. 385, 392, 645 A.2d 535 (1994). In *Patterson*, our Supreme Court stated that "[i]n some circumstances, a waiver of rights must be knowing, voluntary and intelligent, and it must be expressly made. . . . In other circumstances, waiver can be implied." (Citations omitted.) Id., 396. In that case, the Supreme Court held that waiver of the due process right to "judicial supervision of the entire voir dire in a criminal case . . . can be made by counsel, and will ordinarily be inferred from the absence of an objection." Id. Our Supreme Court has similarly held that a defendant may waive his constitutional right to be present during trial merely by an unexplained absence. *State* v. *Simino*, 200 Conn. 113, 125–30, 509 A.2d 1039 (1986). Furthermore, the guarantees against double jeopardy provided by the fifth and fourteenth amendments, as well as an individual's *Miranda* rights, may also be impliedly waived. *State* v. *Almeda*, 211 Conn. 441, 448, 560 A.2d 389 (1989); *State* v. *Kuskowski*, 200 Conn. 82, 88, 510 A.2d 172 (1986).

While our Supreme Court has acknowledged that the state usually must prove all undisputed elements of a crime beyond a reasonable doubt, an element may be conceded by the defendant; *State* v. *Guthridge*, 164

Conn. 145, 152–53, 318 A.2d 87 (1972), cert. denied, 410 U.S. 988, 93 S. Ct. 1519, 36 L. Ed. 2d 186 (1973); and we have not required an express waiver of the right to require the state to prove each element of a crime. *State* v. *Day*, 12 Conn. App. 129, 133, 529 A.2d 1333 (1987). " 'Due process of law requires that the proceedings shall be fair, but fairness is a relative, not an absolute concept. It is fairness with reference to particular conditions or particular results.' " *State* v. *Simino*, supra, 200 Conn. 132–33, quoting *Snyder* v. *Massachusetts*, 291 U.S. 97, 116, 54 S. Ct. 330, 78 L. Ed. 674 (1934). "To allow the defendant to seek reversal now that his trial strategy has failed would amount to allowing him to induce potentially harmful error, and then ambush the state with that claim on appeal. See *State* v. *Collette*, 199 Conn. 308, 318, 507 A.2d 99 (1986); *State* v. *Silveira,* 198 Conn. 454, 467, 503 A.2d 599 (1986); *State* v. *Vilhotti,* 11 Conn. App. 709, 713, 529 A.2d 235 (1987)." *State* v. *Day*, supra, 134. We conclude that waiver of the right to require the state to prove each element of a crime may be made by counsel and may be inferred from the absence of an objection. See *State* v. *Patterson*, supra, 230 Conn. 396.

Under the circumstances of this case, proof of the public highway element clearly was not in dispute; on the contrary, the record supports an inference that the defendant waived proof of that element. We conclude, accordingly, that the defendant waived his due process right to require the state to prove that element.[4] See

---

[4] Because the defendant conceded the element in question and the trial court's instruction to the jury did not amount to a presumption of guilt with respect to the remaining elements of § 14-227a (a) (1) and (2), we conclude that the defendant's sixth amendment right to a jury verdict of guilty beyond a reasonable doubt was also not implicated. *Sullivan* v. *Louisiana,* supra, 508 U.S. 277–78. Here, the trial court clearly instructed the jury that "it is not sufficient for the state to make out a case of probable guilt or call on the accused to refute it. You may not convict

id., 396; *State* v. *Almeda,* supra, 211 Conn. 448; *State* v. *Simino,* supra, 200 Conn. 130; *State* v. *Kuskowski,* supra, 200 Conn. 88; *State* v. *Graham,* 36 Conn. App. 573, 651 A.2d 1339 (1995); *State* v. *Brelsford,* 24 Conn. App. 287, 587 A.2d 1062 (1991).

B

The defendant next claims that the trial court improperly instructed the jury that it could consider the results of the defendant's blood alcohol tests in its determination as to whether to convict him of a violation of § 14-227a (a). The trial court instructed the jury on the charges in the information as follows: "In considering whether the defendant was under the influence you need not consider evidence of the defendant's blood alcohol content. You may conclude beyond a reasonable doubt that the defendant operated under the influence without any reference [to a] scientific test. You may however consider [a] scientific test, if you wish, in addition to other evidence in this case."

The defendant was charged with violation of both subdivisions of § 14-227a (a). Evidence of the blood alcohol test results was admitted by the trial court as to § 14-227a (a) (2). The instruction that the trial court gave was appropriate for the § 14-227 (a) (2) charge. General Statutes § 14-227a (d), however, provides: "In

on the basis of mere suspicion. The state must prove guilt beyond a reasonable doubt." Thereafter, the jury rendered a verdict of guilty, the defendant having waived his fifth amendment right to require the state to prove the element in question. Therefore, this case concerns only the sufficiency of the defendant's waiver as a means of proving a single element beyond a reasonable doubt as required by the fifth amendment. Contrary to the dissent's characterization of our holding, we do not hold that a trial judge may remove an essential element of the crime from the jury's consideration. In this case, where the defendant conceded the element in question, the trial judge's instruction merely represents an explanation to the jury of the party's action. In such a situation, the sixth amendment right of the defendant is not implicated.

any prosecution for a violation of subdivision (1) of subsection (a) of this section, reliable evidence respecting the amount of alcohol . . . in the defendant's blood . . . at the time of the alleged offense, as shown by a chemical analysis of the defendant's . . . breath . . . otherwise admissible under subsection (c) of this section, shall be admissible only at the request of the defendant."

The state concedes that the defendant did not request the admission into evidence of the blood alcohol test results in relation to the behavioral subdivision. The defendant, conceding the failure to preserve this issue at trial, claims review under *Golding*[5] or, alternatively, plain error review. We conclude that the defendant is not entitled to review under the *Golding* doctrine because the claim does not implicate a constitutional right. See *State* v. *Gross*, 35 Conn. App. 631, 646 A.2d 933, cert. denied, 231 Conn. 932, 649 A.2d 254 (1994). The claim is subject, however, to plain error review.[6] Noncompliance with a mandatory statutory provision constitutes plain error. See *State* v. *Cobb*, 199 Conn. 322, 507 A.2d 457 (1986); *State* v. *Tatem*, 194 Conn. 594, 483 A.2d 1087 (1984); *State* v. *Carrione*, 188 Conn. 681, 453 A.2d 1137 (1982), cert. denied, 460 U.S. 1084, 103 S. Ct. 1775, 76 L. Ed. 2d 347 (1983); *State* v. *Boulware*, 183 Conn. 444, 441 A.2d 1 (1981); *State* v. *Carter*, 182 Conn. 580, 438 A.2d 778 (1980); *State* v. *Burke*, 182 Conn. 330, 438 A.2d 93 (1980); *State* v. *Sinclair*, 20 Conn. App. 586, 569 A.2d 551 (1990); *State* v. *Thurman*, 10 Conn. App. 302, 523 A.2d 891, cert. denied, 204 Conn. 805, 528 A.2d 1152 (1987).

[5] See part I A for analysis of the conditions of review under *State* v. *Golding*, supra, 213 Conn. 233.

[6] The defendant, in his brief, raised plain error review as an alternative to *Golding* review. The state declined to address the issue in its brief but did address the claim in oral argument.

We conclude that the trial court failed to comply with the mandatory provisions of § 14-227a (d). That section specifically provides that evidence of the amount of alcohol in the defendant's blood as shown by a chemical analysis of the defendant's breath is admissible with respect to the behavioral subdivision only at the request of the defendant. The defendant, unquestionably, did not make such a request. The trial court, therefore, permitted the jury to consider the blood alcohol test results in determining the defendant's guilt under the behavioral subdivision; General Statutes § 14-227a (a) (1); in direct contravention of the mandate of the pertinent statute. The result was that, in convicting the defendant under the behavioral subdivision as well as under the nonbehavioral subdivision, the jury was at liberty to use the results to buttress the state's case under § 14-227a (a) (1). See *State* v. *LeRoy,* 232 Conn. 1, 653 A.2d 161 (1994); *State* v. *Janson,* 20 Conn. App. 348, 566 A.2d 1377 (1989), cert. denied, 213 Conn. 815, 569 A.2d 550 (1990).

Substantial defective compliance with that statutory provision requires reversal " 'even if no particular prejudice is shown and even if there is overwhelming evidence of guilt.' *State* v. *Varricchio,* 10 Conn. App. 265, 270, 522 A.2d 843 (1987)." *State* v. *Smith,* 18 Conn. App. 368, 377, 558 A.2d 257 (1989). We conclude that the trial court's instruction constituted one of "those extraordinary situations where the error is so obvious that the fairness and integrity of and public confidence in the judicial process would be impaired were we to fail to address [this] issue . . . ." *Commissioner of Health Services* v. *Youth Challenge of Greater Hartford, Inc.,* 219 Conn. 657, 671, 594 A.2d 958 (1991). The defendant's conviction for violation of § 14-227a (a) (1) must be reversed.

C

The defendant claims that the trial court failed to instruct the jury that facts essential to proof of an ele-

ment of a crime must be proven beyond a reasonable doubt. Although the defendant failed to preserve this claim at trial, it is reviewable under *Golding*,[7] "because it implicates the fundamental constitutional right that the state prove the guilt of an accused beyond a reasonable doubt. *In re Winship*, [supra, 397 U.S. 361]; *State* v. *Miller*, 202 Conn. 463, 489–90, 522 A.2d 249 (1987); *State* v. *Evans*, 165 Conn. 61, 70, 327 A.2d 576 (1973)." *State* v. *McDonough*, 205 Conn. 352, 354, 533 A.2d 857 (1987), cert. denied, 485 U.S. 906, 108 S. Ct. 1079, 99 L. Ed. 2d 238 (1988). The defendant argues specifically that two critical facts, namely, the results of the two intoximeter tests, form the basis for the extrapolation of the defendant's blood alcohol level at the time of arrest. Those two subordinate facts, according to the defendant, must be proven beyond a reasonable doubt because they provide the basis for the conviction. We disagree.

The defendant relies on *State* v. *Rodgers*, 198 Conn. 53, 502 A.2d 360 (1985), to support his position that "where a particular subordinate fact is essential to the proof of an element of the crime . . . it must be proved beyond a reasonable doubt." Id., 58 n.1; see *State* v. *Crafts*, 226 Conn. 237, 246, 627 A.2d 877 (1993); *State* v. *Rivera*, 24 Conn. App. 670, 675, 591 A.2d 440, cert. denied, 219 Conn. 914, 593 A.2d 139 (1991); *State* v. *Sullivan*, 11 Conn. App. 80, 94, 525 A.2d 1353 (1987). That proposition, which was questioned by Justice Callahan's concurring opinion in *State* v. *McDonough*, supra, 205 Conn. 352, generally has been limited to situations where a single subordinate fact is essential to the proof of an element. *State* v. *Grant*, 219 Conn. 596, 605, 594 A.2d 459 (1991), quoting *State* v. *McDonough*, supra, 355; *State* v. *Castonguay*, 218 Conn. 486, 507, 590 A.2d 901 (1991). In this case, no

---

[7] See part I A for analysis of the conditions of *Golding* review.

single fact was essential to the proof of the element. Rather, consideration of the two test results, together with the testimony on extrapolation, was required. The state was not required to prove each of the subordinate facts beyond a reasonable doubt. The trial court's instruction on the standard of proof for each element of the offenses w^s correct. The defendant's claim as to the standard of proof for subordinate facts fails in this case. *State* v. *McDonough*, supra, 352; *State* v. *Grant*, supra, 596.

### D

The defendant next claims that the trial court improperly failed to relate the facts of the case to the law. Once again, the defendant seeks *Golding* review of this claim.[8] Even if we assume, arguendo, that this claim involves a constitutional right,[9] an examination of the record compels us to conclude that the defendant was not deprived of a fair trial.

The defendant argues that the trial court did not refer to any facts in the course of the charge. In particular, the trial court failed to mention which witnesses had been qualified as experts and what scientific tests had been admitted. The defendant cites several cases including *State* v. *Wolff*, 29 Conn. App. 524, 616 A.2d 1143 (1992), as authority for his claim. In that case, we stated that the "issues . . . were complicated, peculiar, and capable of differing constructions because the case involved two separate victims and similar crimes. . . . In such a case, 'where the issues are complicated, peculiar, or capable of differing conclusions, comment by the court is necessary.' *Jacques* v. *Carter*, [2 Conn. App. 27, 33–34, 476 A.2d 621 (1984)]." Id., 532. We further

---

[8] See part I A for analysis of the conditions of *Golding* review.

[9] We note that "[w]hereas the first two conditions of *Golding* are determinations of whether a defendant's claim will be reviewed, the third prong constitutes a review of the merits." *State* v. *Leroy*, supra, 33 Conn. App. 236 n.2.

note that "[a] court's charge is not to be examined in a vacuum. Rather, it is to be viewed in the context of the factual issues raised at the trial. See *State* v. *Rose*, [169 Conn. 683, 687, 363 A.2d 1077 (1975)]." *State* v. *Kurvin*, 186 Conn. 555, 558, 442 A.2d 1327 (1982).

This case involves a simpler factual and legal background than did *State* v. *Wolff*, supra, 29 Conn. 524. This case involved a two count information and was based on the testimony of three witnesses, two police officers and a state toxicologist. The evidence portion of the trial was completed within a period of three days. Viewed in the context of the factual issues raised at trial, the instructions clearly set forth the crimes charged and sufficiently related the law to the facts of the case. Because we cannot determine, therefore, that the alleged constitutional violation clearly exists, we conclude that the defendant has failed to satisfy the third prong of *Golding*.

### E

The defendant further claims that, taken as a whole, the trial court's instructions deprived the defendant of a fair trial. "To determine whether an error in the charge to the jury exists, we review the entire charge to determine if, 'taken as a whole, the charge adequately guided the jury to a correct verdict.' " *State* v. *Grullon*, 212 Conn. 195, 204, 562 A.2d 481 (1989), quoting *State* v. *Fleming*, 198 Conn. 255, 268–69, 502 A.2d 886, cert. denied, 475 U.S. 1143, 106 S. Ct. 1797, 90 L. Ed. 2d 342 (1986).

The defendant makes no specific claim beyond those raised in the context of his other claims, with three exceptions: (1) the instruction that a reasonable doubt constitutes "a doubt for which a valid reason may be assigned"; (2) a statement that the reference to the number of witnesses presented by each side "doesn't apply here"; and (3) what the defendant calls a "sinis-

ter interaction" between the instructions on burden of proof, the public highway instruction and the failure to relate facts to law. The defendant took no exception to the charge in any of these respects and we conclude that the trial court did not mislead the jury as to the appropriate burden of proof, elements of the crime, or evidence before it. *State* v. *Walker*, 33 Conn. App. 763, 769, 638 A.2d 1084, cert. denied, 229 Conn. 913, 642 A.2d 1209 (1994), quoting *State* v. *Walton*, 227 Conn. 32, 65, 630 A.2d 990 (1993). The defendant has failed to demonstrate how this unpreserved claim satisfies the *Golding* requirements. Accordingly, the claim is without merit.

## II

The defendant next claims that the trial court improperly denied his motion to suppress the results of his intoximeter tests because no probable cause existed for the defendant's arrest. The defendant asserts on appeal that the test results were obtained by virtue of an invalid *Terry*[10] stop.

The defendant claims that the issue was properly preserved because his motion to suppress the results of the intoximeter test was denied during the course of trial. He claims *Golding* review to the extent that the issue was not preserved.[11] We assume, for purposes of this discussion, that the defendant did not properly preserve this claim and that the first and second prongs of *Golding* have been satisfied. The defendant's claim fails, however, as to the third prong of *Golding*.

Both the state and the defendant agree that the appropriate analysis of the initial stop in this case is under the *Terry* guidelines. The defendant argues, first, that the initial stop lacked probable cause and, second,

[10] *Terry* v. *Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).
[11] See part I A for analysis of the conditions of *Golding* review.

that, even if probable cause existed, the stop was extended beyond its proper boundaries because the manner of the stop was intrusive, the defendant was moved and the length of the detention was excessive.

In justifying the intrusion, "the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry* v. *Ohio*, 392 U.S. 1, 21, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968); *State* v. *Cofield*, 220 Conn. 38, 44, 595 A.2d 1349 (1991); *State* v. *Whitfield*, 26 Conn. App. 103, 110, 599 A.2d 21 (1991). In evaluating the validity of such a stop, courts consider whether, in light of "the totality of the circumstances—the whole picture," the police officer had " ' "a particularized and objective basis for suspecting the particular person stopped of criminal activity." ' *United States* v. *Cortez*, 449 U.S. 411, 417–18, 101 S. Ct. 690, 66 L. Ed. 2d 621 (1981) . . . ." (Citations omitted.) *State* v. *Mitchell*, 204 Conn. 187, 195, 527 A.2d 1168, cert. denied, 484 U.S. 927, 108 S. Ct. 293, 98 L. Ed. 2d 252 (1987). Review of a trial court's determination of whether a reasonable and articulable suspicion exists "involves a two-part analysis: (1) whether the underlying factual findings of the trial court are clearly erroneous; and (2) whether the conclusion that those facts gave rise to such a suspicion is legally correct." *State* v. *Kyles*, 221 Conn. 643, 660, 607 A.2d 355 (1992). " 'The trial court's conclusions must stand unless they are legally and logically inconsistent with the facts.' " *State* v. *Cofield*, supra, 44.

In this case, Marchand observed the defendant's vehicle traveling without lights on I-84 and signaled it to pull over. After the vehicle had come to a stop, Marchand approached the vehicle. On the basis of his observations of the defendant, Marchand had the defendant exit the vehicle and called for another officer to conduct field sobriety tests.

We conclude that, under the totality of the circumstances, the trooper had a reasonable and articulable suspicion, on an objective basis, that the defendant may have been operating a motor vehicle while under the influence of liquor or drugs or both. See *State* v. *Harrison*, 30 Conn. App. 108, 618 A.2d 1381 (1993). The facts of this case clearly support the trial court's determination that the trooper had such a reasonable and articulable suspicion when he approached the defendant, creating the right to a brief investigatory intrusion. The trial court's determination is not clearly erroneous. " 'The facts [previously detailed] justified the defendant's detention for the limited intrusion of field sobriety testing to confirm or dispel the officer's suspicion.' " Id., 113, quoting *State* v. *Gruver*, 27 Conn. App. 370, 376, 606 A.2d 39 (1992). We conclude that this was a valid *Terry* stop.

### III

The defendant finally claims that the defendant's convictions under both subdivisions (1) and (2) of § 14-227a (a) violated the double jeopardy provisions of the United States and Connecticut constitutions. In light of our reversal of the conviction under § 14-227a (a) (1), we need not address this claim.

The judgment is reversed and the case is remanded with direction to render judgment of guilty of violating § 14-227a (a) (2) and not guilty of violating § 14-227a (a) (1).

In this opinion SPEAR, J., concurred.

HENNESSY, J., dissenting. The majority holds that after a criminal defendant elects to be tried by a jury, it is nevertheless permissible for the trial judge to remove an essential element of the crime from the jury's consideration without an express waiver of the defendant's right to have the jury find every element

of the crime charged beyond a reasonable doubt. Because I believe that this is in direct contravention of the constitutional right to a trial by jury, I respectfully dissent.[1]

"The Fifth Amendment to the United States Constitution guarantees that no one will be deprived of liberty without 'due process of law'; and the Sixth, that '[i]n all criminal prosecutions the accused shall enjoy the right to a speedy and public trial, by an impartial jury.' . . . [T]hese provisions require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." *United States* v. *Gaudin,* U.S. , 115 S. Ct. 2310, 2313, 132 L. Ed. 2d 444 (1995); see also *Sullivan* v. *Louisiana,* 508 U.S. 275, 277–78, 113 S. Ct. 2078, 124 L. Ed. 2d 182 (1993). The essence of this right is that "the jury, rather than the judge, reach the requisite finding of 'guilty.' See *Sparf* v. *United States,* 156 U.S. 51, 105–106, [15 S. Ct. 273, 39 L. Ed. 343 (1895)]. Thus, although a judge may direct a verdict for the defendant if the evidence is legally insufficient to establish guilt, he may not direct a verdict for the State, no matter how overwhelming the evidence. Ibid. See also *United States* v. *Martin Linen Supply Co.,* 430 U.S. 564, [572–73, 97 S. Ct. 1349, 51 L. Ed. 2d 642 (1977)]; *Carpenters* v. *United States,* 330 U.S. 395, 410, [67 S. Ct. 775, 91 L. Ed. 973 (1947)]." *Sullivan* v. *Louisiana,* supra, 508 U.S. 277.

In the recent decision of *United States* v. *Gaudin,* supra, 115 S. Ct. 2310, the United States Supreme Court rejected an argument, advanced by the government, that a jury's role in a criminal trial is merely to

[1] Because I believe reversal is required on the defendant's first claim, I would not reach the remaining claims and therefore offer no opinion on parts II and III of the majority opinion.

deliver factual findings, and that the trial judge is free to decide elements of a crime that involve application of the law to the facts found. Emphasizing the "historical and constitutionally guaranteed right of criminal defendants to demand that the jury decide guilt or innocence on every issue, which includes application of the law to the facts . . . [the court held that] the jury's constitutional responsibility is not merely to determine the facts, but to apply the law to those facts and draw the ultimate conclusion of guilt or innocence." *United States* v. *Gaudin,* supra, 115 S. Ct. 2315–16.

The reversal of the conviction obtained in *Gaudin*[2] rested on the theory that the removal of an element from the jury's consideration, even one involving a mixture of law and fact, prevents the jury from exercising its exclusive power to render the ultimate finding of guilt or innocence. The controlling principle of law, therefore, as aptly stated by the Second Circuit Court of Appeals, is: " 'The plea of not guilty places every issue in doubt, and not even undisputed fact may be removed from the jury's consideration, either by direction or by omission in the charge.' " *United States* v. *Singleton,* 532 F.2d 199, 206 (2d Cir. 1976), quoting *United States* v. *Natale,* 526 F.2d 1160, 1167 (2d Cir. 1975); see also *United States* v. *Mentz,* 840 F.2d 315, 320 (6th Cir. 1988); *United States* v. *Argentine,* 814 F.2d 783, 788 (1st Cir. 1987); *United States* v. *White Horse,* 807 F.2d 1426, 1430–32 (8th Cir. 1986).

An essential element of the crime of operating a motor vehicle while under the influence of liquor pur-

---

[2] In *Gaudin,* the trial court instructed the jury that to convict the defendant of making false statements on federal loan applications in violation of 18 U.S.C. § 1001 the government was required to prove that the alleged false statements were material. The court further instructed, however, " '[t]he issue of materiality . . . is not submitted to you for your decision but rather is a matter for the decision of the court. You are instructed that the statements charged in the indictment are material statements.' " *United States* v. *Gaudin,* supra, 115 S. Ct. 2313.

suant to General Statutes § 14-227a is that the forbidden act take place "on a public highway." In this case, the trial court instructed the jury: "The second element is that the defendant operated the motor vehicle on a public highway of the state. I am going to charge you that the highway in question is a public highway. *So you need not deal with that element and you need not make that finding.*" (Emphasis added.) It is normally presumed that the jury follows the instructions given by the trial court. *State* v. *Jimenez*, 228 Conn. 335, 342, 636 A.2d 782 (1994); *State* v. *Fernandez*, 27 Conn. App. 73, 83, 604 A.2d 1308 (1992). The conclusion is inescapable, therefore, that because of this instruction the jury did not find one of the essential elements of the crime charged, and did not make the ultimate conclusion of guilt or innocence. Thus, the defendant's conviction was obtained in violation of his constitutional right to a trial by jury.[3] See *United States* v. *Gaudin*, supra, 115 S. Ct. 2310; *Sullivan* v. *Louisiana*, supra, 508 U.S. 275.

The majority recognizes that the trial court's instruction implicates the defendant's constitutional rights,[4] but concludes that no constitutional violation took place because "the defendant conceded the element in question." I cannot agree.[5]

---

[3] The problem in this case is not whether the jury's verdict was correct, but whether the jury reached a verdict that satisfies the fifth and sixth amendments, i.e., a finding of each and every element beyond a reasonable doubt. "The Sixth Amendment requires more than appellate speculation about a hypothetical jury's action . . . it requires an actual jury finding of guilty." *Sullivan* v. *Louisiana*, supra, 508 U.S. 280.

[4] The majority opinion focuses on the defendant's due process right to have the state prove every element beyond a reasonable doubt. Only in footnote 4 does the majority acknowledge the distinct but interrelated right, under both the fifth and sixth amendments, to have the jury, not the judge, find every element of the crime charged and render the ultimate verdict of guilty or not guilty.

[5] The defendant's claim that the trial court violated his constitutional right to trial by jury by improperly removing an essential element of the crime

Although it is true that a criminal defendant may waive one or more of his fundamental rights, it is well established that "[i]n some circumstances, a waiver of rights must be knowing, voluntary and intelligent, and it must be expressly made." *State* v. *Patterson*, 230 Conn. 385, 396, 645 A.2d 535 (1994). One of the cases cited in *Patterson* for this proposition is *State* v. *Shockley*, 188 Conn. 697, 453 A.2d 441 (1982), which holds that the sixth amendment right to a jury trial is a right that can be waived only expressly. See id., 706–707.

"The principles that govern waiver of a right to a jury trial are not in dispute. 'The right to a jury trial in a criminal case is among those constitutional rights which are related to the procedure for the determination of guilt or innocence. The standard for an effective waiver of such a right is that it must be "knowing and intelligent," as well as voluntary. *Schneckloth* v. *Bustamonte*, 412 U.S. 218, 237, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973); *Patton* v. *United States*, 281 U.S. 276, 312, 50 S. Ct. 253, 74 L. Ed. 2d 854 (1930).' *State* v. *Marino*, [190 Conn. 639, 643, 462 A.2d 1021 (1983)]; see *State* v. *Shockley*, [supra, 188 Conn. 705–707]. . . . This strict standard precludes a court from presuming a waiver of the right to a trial by jury from a silent record. *State* v. *Shockley*, supra, 707; see *Boykin* v. *Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969)." (Citations omitted.) *State* v. *Williams*, 205 Conn. 456, 460–61, 534 A.2d 230 (1987).

In this case, there was no express waiver of the right to have the jury, and not the judge, find each essential

from the jury's consideration is an issue of first impression in Connecticut. It is important to note that no case cited by the majority squarely addresses whether the fifth and sixth amendments are violated by the removal of an essential element from the jury's consideration without an express waiver of the right to have the jury find every element of the crime charged.

element of the crime charged. It is not proper to presume a waiver of this right in order to save a conviction that contravenes the dictates of the fifth and sixth amendments. Id., 456. Therefore, the trial court's instruction removing an essential element from the jury's consideration without a valid waiver by the defendant, is reversible error. *United States* v. *Mentz,* supra, 840 F.2d 332; *United States* v. *Argentine,* supra, 814 F.2d 789; *United States* v. *White Horse,* supra, 807 F.2d 1432; *Hoover* v. *Garfield Heights Municipal Court,* 802 F.2d 168, 178 (6th Cir. 1986); *United States* v. *Singleton,* supra, 532 F.2d 207.

It is important to recognize that the issue raised by the defendant's claim is not whether I-84 is a public highway, but whether the trial court usurped the jury's province as sole finder of fact and ultimate arbiter of guilt or innocence. I would reverse the conviction not because I doubt that I-84 is a public highway, but because the conviction has been obtained in violation of the defendant's constitutional right to a trial by jury in the absence of a knowing, voluntary and intelligent waiver. I share the sentiment and concern of the Supreme Court of Utah, articulated almost one-half century ago: "We, who live with it, have a fervent devotion to the jury system, in spite of its faults. We would not like to see it destroyed nor whittled away. If a court can take one important element of an offense from the jury and determine the facts for them because such facts seem plain enough to him, then which element cannot be similarly taken away, and where would the process stop?"[6] *State* v. *Lawrence,* 120 Utah 323, 330–31, 234 P.2d 600 (1951).

---

[6] In *Lawrence,* the jury had been instructed that: " 'Grand Larceny so far as it might be material in this case is committed when the property taken is of a value exceeding $50.00. In this case you will take the value of this property as being in excess of $50.00 and therefore the defendant,

if he is guilty at all, is guilty of grand larceny.' " *State* v. *Lawrence,* supra, 120 Utah 326. The Supreme Court of Utah reversed the conviction because this instruction "was an invasion of [the jury's] province as the exclusive triers of the fact and was prejudicial error." Id., 331.